# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: June 5, 2019 6:29 PM<br>FILING ID: E6608BAC4F70C<br>CASE NUMBER: 2019CV32214 |
| **Plaintiff:**<br><br>AUTUMN SCARDINA,<br><br>**v.**<br><br>**Defendants:**<br><br>MASTERPIECE CAKESHOP INC. and JACK PHILLIPS | ▲ **COURT USE ONLY** ▲<br><br>Case No.<br><br>Division/Courtroom: |
| *Attorneys for Plaintiff:*<br><br>John M. McHugh, # 45456, jmchugh@rplaw.com<br>REILLY POZNER LLP<br>1700 Lincoln Street, Suite 2400<br>Denver, Colorado 80203<br>Phone:  303-893-6100    Fax: 303-893-6110<br><br>Paula Greisen, #19784, greisen@kinggreisen.com<br>KING & GREISEN LLP<br>1670 York St.<br>Denver, Colorado 80206<br>Phone:  303-298-9878 | |
| **COMPLAINT** | |

Plaintiff, Autumn Scardina states and alleges as follows:

## INTRODUCTION

1.     This case concerns Masterpiece Cakeshop's and Mr. Phillips' continued discrimination against the LGBT community in violation of Colorado's Anti-Discrimination Act and the Colorado Consumer Protection Act. Specifically, Masterpiece Cakeshop and Mr. Phillips refused to sell a birthday cake to Ms. Scardina because she is transgender despite repeatedly

1

advertising that they would sell birthday cakes to the general public, including LGBT individuals.

2.      In defending their prior, unlawful, decision to refuse to sell a wedding cake to a same-sex couple, Masterpiece Cakeshop and Phillips repeatedly represented and advertised to the public and to the courts of law (including the United States Supreme Court) that they would be happy to provide a variety of baked goods, including birthday cakes, to all members of the public, including LGBT individuals. Unfortunately, as this case shows, those representations and advertisements were false.

3.      Instead, when Ms. Scardina ordered a birthday cake – one in a simple design that Defendants admit they would make for any other customer – Masterpiece Cakeshop and Mr. Phillips refused merely because Ms. Scardina is transgender.

4.      Ms. Scardina therefore brings this lawsuit to vindicate her rights (and the rights of all the LGBT community) under Colorado's Anti-Discrimination Act ("CADA") and the Colorado Consumer Protection Act ("CCPA").

<u>**PARTIES, JURISDICTION AND VENUE**</u>

5.      Ms. Scardina is a resident of Arvada, Colorado.

6.      Masterpiece Cakeshop Incorporated ("Masterpiece Cakeshop") is a Colorado corporation with its principal place of business in Lakewood, Colorado.   Masterpiece Cakeshop is a business that is engaged in the sale of bakery goods to the public, including wedding cakes, birthday cakes, and cakes for other special occasions.

7.      Jack Phillips is the owner and operator of Masterpiece Cakeshop and personally decides whether Masterpiece Cakeshop will refuse to do business with LGBT individuals.  Upon information and belief, Mr. Phillips is a resident of Lakewood, Colorado.

8.      The Court has jurisdiction over this matter under C.R.S. § 24-34-306 and C.R.S. § 6-1-103. Venue is proper in this Court because Defendants' refusal to sell Ms. Scardina a birthday cake in violation of CADA occurred, at least in part, in Denver. C.R.S. § 24-34-306. Similarly, a portion of the transaction involving Defendants' deceptive trade practice occurred in Denver. C.R.S. § 6-1-103.

9.      As required by C.R.S. § 24-34-306, Ms. Scardina has exhausted all administrative remedies prior to instigating this action.

## GENERAL ALLEGATIONS

### Masterpiece Cakeshop Refused to Sell a Birthday Cake
### to Ms. Scardina because of Her Status as a Transgender Female

10.      In July 2012, Masterpiece Cakeshop and Mr. Phillips refused to sell a wedding cake to a same-sex couple. Throughout the subsequent litigation and media campaign, Masterpiece Cakeshop and Mr. Phillips repeatedly declared they would be "happy" to sell other cakes to LGBT individuals, including specifically "birthday" cakes.

11.      For example, in or around August 6, 2012, Phillips, speaking on behalf of himself and Masterpiece Cakeshop, told a reporter for Westword that the bakery is happy to supply LGBT customers with "birthday cakes and graduation cakes and everything else[.]" Masterpiece Cakeshop makes a similar representation on a fundraising website that is linked to its business website.  Indeed, the United States Supreme Court cited to Defendants' claimed willingness to create birthday cakes for LGBT individuals in issuing its order.

12.      Masterpiece Cakeshop and Mr. Phillips knowingly advertised their goods and services with the intent not to sell them as advertised to certain members of the public, namely the LGBT community.   Masterpiece Cakeshop and Phillips also use "bait and switch" advertising by publicly advertising that they would sell baked goods, including birthday cakes, to

the general public including the LGBT community, but then refused to sell those goods and provide those services to Autumn Scardina because of her status as a transgender woman.

13.     While working from her Denver office, Ms. Scardina repeatedly heard Defendants' advertisements that they were "happy" to sell birthday cakes to LGBT individuals. Hopeful that these claims were true, on June 26, 2017, Ms. Scardina called Masterpiece Cakeshop from Denver to order a birthday cake for her upcoming birthday.

14.     The phone was answered by an employee of Masterpiece Cakeshop.

15.     Ms. Scardina asked if Masterpiece Cakeshop made birthday cakes and was assured they did.

16.     Ms. Scardina informed Masterpiece Cakeshop that her birthday was quickly approaching and was assured there was sufficient time to prepare a cake.

17.     Masterpiece Cakeshop asked how many people the cake would need to serve and when told it would be 6-8 people, confirmed that they could accommodate that size.

18.     Ms. Scardina informed Masterpiece Cakeshop that she wanted a pink cake with blue frosting. Again, Masterpiece Cakeshop assured her they could make that cake.

19.     Ms. Scardina then informed Masterpiece Cakeshop that the requested design had personal significance for her because it reflects her status as a transgender female.

20.     After Ms. Scardina identified herself as transgender, Masterpiece Cakeshop stated that they did not make cakes for "sex changes." Ms. Scardina explained to Masterpiece Cakeshop that the cake was for her birthday celebration and not a "sex change" celebration. Masterpiece Cakeshop again stated that they "do not make cakes for that" and terminated the call.

21.     Unsure of whether the call has been disconnected or whether Masterpiece Cakeshop had merely hung up on her, Ms. Scardina called again.

22.     A different employee answered the phone and Ms. Scardina stated that she was trying to order a pink cake with blue icing.

23.     Masterpiece Cakeshop claimed that making such a cake violated their religious beliefs and refused to take Ms. Scardina's order. Again, the call was terminated by Masterpiece Cakeshop.

<u>Proceedings before the Civil Rights Division</u>

24.     On July 21, 2017, Ms. Scardina filed a discrimination charge against Masterpiece Cakeshop and Mr. Phillips with the Colorado Civil Rights Division ("CCRD").

25.     The CCRD initiated an investigative proceeding and on June 28, 2018, the CCRD found probable cause that Masterpiece Cakeshop and Mr. Phillips violated CADA.

26.     On August 14, 2018, Masterpiece Cakeshop and Mr. Phillips filed a separate lawsuit in federal court against the head of the CCRD and other individuals.

27.     On October 9, 2018, the Colorado Civil Rights Commission ("Commission") filed a Notice of Hearing and Formal Complaint against Masterpiece Cakeshop and Mr. Phillips based on their refusal to sell a birthday cake to Ms. Scardina.

28.     Upon information and belief, on or about March 4, 2019, the Commission, Masterpiece Cakeshop and Mr. Phillips agreed to a settlement whereby Masterpiece Cakeshop and Mr. Phillips would voluntarily dismiss their federal lawsuit in exchange for the Commission dismissing their action against Masterpiece Cakeshop and Mr. Phillips.

29.     On March 22, 2019, the Commission formally closed the charge of discrimination against Masterpiece Cakeshop and Mr. Phillips and determined that Ms. Scardina had exhausted all administrative remedies required under C.R.S. § 24-34-306.

30.     Throughout both the federal and administrative law proceedings, Mr. Phillips for himself and on behalf of Masterpiece Cakeshop, confirmed that they would happily make the exact same cake requested by Ms. Scardina for other customers.

## FIRST CLAIM FOR RELIEF
Violation of Colorado Anti-Discrimination Act C.R.S. § 24-34-600 *et seq.*
(Masterpiece Cakeshop and Phillips)

31.     Ms. Scardina incorporates all other paragraphs of this Complaint.

32.     Masterpiece Cakeshop is a place of public accommodation as defined by C.R.S. §24-34-601 because it is a place of business engaged in sales to the public.

33.     Mr. Phillips is a person as defined by C.R.S. § 24-34-601. As the owner of Masterpiece Cakeshop, Mr. Phillips is responsible for providing the full and equal enjoyment of its goods and services to the public regardless of transgender status.

34.     Masterpiece Cakeshop, at the direction of Phillips, refused to sell a birthday cake to Ms. Scardina because of her status as a transgender woman.

35.     Before learning she is transgender, Masterpiece Cakeshop had agreed to make and sell a pink birthday cake with blue frosting to Ms. Scardina. It was only upon learning of her status as a transgender woman that Masterpiece Cakeshop refused to sell her a birthday cake.

36.     Masterpiece Cakeshop and Mr. Phillips have admitted they would sell a cake with the precise design requested by Ms. Scardina to other customers who were not transgender.

6

## SECOND CLAIM FOR RELIEF
Deceptive and Unfair Trade Practices in Violation of C.R.S. § 6-1-101, *et seq.*
(Masterpiece Cakeshop and Mr. Phillips)

37.     Defendants' repeated representations and advertisements that they would be "happy" to sell birthday cakes to LGBT individuals were false at the time they were made.

38.     Defendants' made these representations and advertisements in the course of their business and with the intent to encourage consumers to purchase baked goods from them.

39.     Defendants widely publicized that they would sell baked goods, including birthday cakes, to the public, including the LGBT community.  Defendants' refusal to sell these goods and provide these services as advertised had and continues to have a negative and significant impact the public as actual or potential consumers of Defendants' baked goods. Defendants' refusal to serve Plaintiff based on her gender identity and Defendants' widespread media campaign to legitimize its discriminatory conduct also has a significant harmful impact on the citizens of Colorado who have determined that it is the public policy of this State to protect the rights and dignity of all its citizens, including the LGBT community.

40.     Due to Defendants' deceptive trade practices, Ms. Scardina experienced illegal discrimination when, believing these representations and advertisements to be true, she ordered a birthday cake from Defendants who then refused to supply the cake because of her status as a transgender female.

41.     Ms. Scardina suffered actual damages as a result of Defendants' false representations.

## PRAYER FOR RELIEF

Wherefore, Ms. Scardina requests the following relief:

A.     Judgement in her favor and against Defendants on all claims;

7

B.      Damages in an amount to be proven at trial;

C.      Exemplary damages;

D.      Payment of any civil penalty authorized by Colorado law;

E.      Statutory and moratory interest;

F.      Reasonable attorneys' fees and costs; and

G.      Any additional legal or equitable relief that the Court deems just and proper.

## JURY DEMAND

Ms. Scardina demands a jury on all issues so triable.

Dated this 5th day of June, 2019.

*s/ John M. McHugh*

John M. McHugh
Reilly Pozner LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
jmchugh@rplaw.com

Paula Greisen
King & Greisen LLP
1670 York St.
Denver, CO 80206
(303) 298-9878
greisen@kinggreisen.com

*Attorneys for Plaintiff*

| STATE OF COLORADO<br>COLORADO CIVIL RIGHTS COMMISSION | |
| --- | --- |
| AUTUMN SCARDINA,<br>Complainant,<br><br>v.<br><br>MASTERPIECE CAKESHOP INCORPORATED<br>and JACK PHILLIPS,<br>Respondents. | ▲  **COURT USE ONLY**  ▲ |
| | Charge No. CP2018011310<br><br>Case Number: CR 2018_____ |
| **NOTICE OF HEARING AND FORMAL COMPLAINT** | |

**YOU ARE HEREBY NOTIFIED** pursuant to § 24-34-306(4) C.R.S., that a hearing will be held before an Administrative Law Judge at 9:00 a.m. on **Monday February 4, 2019** on the fourth floor at the Office of Administrative Courts, 1525 Sherman Street, Denver, Colorado 80203, to determine whether Respondents violated § 24-34-601 *et seq.*, C.R.S. (2018) by denying Complainant Autumn Scardina (Scardina) the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations at its place of public accommodation because of Scardina's sexual orientation (transgender status).

Pursuant to the authority set forth in §§ 24-34-305(1)(d) and 24-34-306(4), C.R.S. (2018), the Colorado Civil Rights Commission (Commission), having determined that the circumstances warrant a hearing, hereby charges and alleges as follows:

1.      Respondent, Masterpiece Cakeshop Incorporated (Masterpiece or "the bakery"), is a bakery that engages in sales of goods and services to the public. Masterpiece is a place of public accommodation as defined by § 24-34-601(1), C.R.S., and is therefore subject to the jurisdiction of the Commission.

2.      Respondent, Jack Phillips (Phillips) is the owner and operator of Masterpiece, and is a person as defined by §24-34-301(5)(a), C.R.S. As Masterpiece's owner, Phillips is responsible for providing the full and equal enjoyment of its goods and services to the public regardless of protected class, and is therefore subject to the jurisdiction of the Commission.

3.      Timeliness and all other jurisdictional and procedural requirements of title 24, article 34, parts 3 and 4 have been satisfied.

4.      Upon information and belief, on June 26, 2017, Scardina contacted Masterpiece by telephone to order a cake to celebrate her birthday. Scardina asked if the bakery sold made-to-order birthday cakes. The individual on the phone answered in the affirmative and asked for the date of her birthday. Scardina responded that it was on July 6th and asked if that would be enough time to make the cake. Masterpiece's representative indicated that that the bakery could accommodate that timing.

5.      Upon information and belief, Scardina requested a cake with a blue exterior and a pink interior, and indicated that she would need a cake big enough to serve 6-8 people.

6.      Upon information and belief, Masterpiece's representative stated that the bakery would make the cake as requested by Scardina. Scardina then mentioned that the design was a reflection of the fact that she had transitioned from male to female and that she had come out as transgender on her birthday. Masterpiece's representative then stated that the bakery would not make the cake as requested by Scardina because it does not make cakes to celebrate a sex-change and terminated the call.

7.      Upon information and belief, Scardina called Masterpiece back and spoke to a different individual about the exchange that took place during her initial call and confirmed that the cake she had ordered was to celebrate her birthday. Masterpiece's representative responded that the bakery would not make a cake for Scardina and terminated the call.

8.      On July 20, 2017, Scardina filed a charge of discrimination with the Colorado Civil Rights Division alleging that Respondents discriminated against her in a place of public accommodation based on her sex (female) and/or sexual orientation (transgender status).

9.      During the Colorado Civil Rights Division's investigation of the charge, Phillips affirmed his employees' decision to not fulfill Scardina's order, and cited his religious beliefs as the reason why the bakery would not do so.

10.     Upon information and belief, the bakery sells made-to-order birthday cakes to non-transgendered individuals.

11.     On June 28, 2018, following the investigation, the Division Director's authorized designee found probable cause for crediting the allegations of the charge

2

that Masterpiece discriminated against Scardina in a place of public accommodation based on her sexual orientation (transgender status).

12.     As required by § 24-34-306)(2)(b)(II), C.R.S. (2018), the Division Director's authorized designee ordered the parties to attempt amicable resolution of the charge by compulsory mediation.

13.     Upon information and belief, efforts to resolve the matter amicably through the ordered mediation have been unsuccessful.

14.     On October 2, 2018, the Commission voted to notice this matter for a hearing and to file this formal complaint.

15.     The Commission alleges that Masterpiece denied service to Scardina based on her sexual orientation (transgender status), as defined by § 24-34-301(7), C.R.S. (2018), in a violation of § 24-34-601(2)(a), C.R.S. (2018).

16.     The Commission further alleges that Masterpiece is not a place that is principally used for religious purposes, as contemplated by § 24-34-601(1), C.R.S. (2018).

The Commission seeks the following relief:

1.     That Masterpiece and Phillips be ordered to allow Scardina and all customers that seek goods and services from the bakery, the full use and enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of this place of public accommodation, regardless of their sexual orientation.

2.     That Masterpiece and Phillips be ordered to cease and desist their practices of discriminating against persons based on their sexual orientation and to immediately discontinue their policy and practice of refusing to provide goods and services to persons due to their sexual orientation.

3.     That Masterpiece and Phillips be ordered to adopt a corrective policy which will allow Scardina and other similarly situated persons the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations provided by the bakery regardless of their sexual orientation.

4.     That Masterpiece and Phillips be ordered to report to the Commission all remedial action taken to eliminate the discriminatory practices until such time as it has been established that all discriminatory practices have ceased.

5.     That Masterpiece and Phillips be ordered not to retaliate against Scardina in any way.

6.      That Masterpiece and Phillips be ordered to provide any other relief which may be available to Scardina by virtue of operation of law and any other relief the Commission deems just and proper.

Masterpiece and Phillips may file a verified answer prior to the date of the hearing. The hearing will be conducted pursuant to sections 24-34-306 and 24-4-105, C.R.S. (2018). Failure to answer the complaint at hearing may result in entry of default judgment against Masterpiece and Phillips.

Dated this _____ day of October, 2018.

BY THE COMMISSION:

_____
COMMISSIONER

4

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **NOTICE OF HEARING AND FORMAL COMPLAINT** upon all parties herein by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this _9_ day of October, 2018 addressed as follows:

Autumn Scardina
7779 Everett Way
Arvada, CO 80005

John McHugh
Reilly Pozner LLP
1700 Lincoln Street, Suite 3400
Denver, CO 80203

Masterpiece Cakeshop, Incorporated
3355 S. Wadsworth Blvd., H-117
Lakewood, CO 80227

Jacob Warner, Esq.
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260

By interdepartmental mailing services, copies were sent to:

Matthew Azer
Director/Chief ALJ
Office of Administrative Courts
1525 Sherman St, 4th Floor
Denver, CO 80203

Michelle Brissette Miller
First Assistant Attorney General
Employment/Personnel & Civil Rights Unit
Civil Litigation & Employment Law Section
1300 Broadway, 10th Floor
Denver, CO 80203

By Hand Delivery for filing on October 9, 2018:

Office of Administrative Courts
1525 Sherman St, 4th Floor
Denver, CO 80203

Adriana Camona

5