IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:19-CV-851-JRW

*Electronically filed*

CHELSEY NELSON PHOTOGRAPHY, LLC                    PLAINTIFFS
AND CHELSEY NELSON

v.

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, ET AL.     DEFENDANTS

## ANSWER TO COMPLAINT

Defendants Louisville/Jefferson County Metro Government ("Metro"), Kendall Boyd in his official capacity as (former) Director of the Louisville Metro Human Relations Commission, Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Laila Ramey (former member), William Sutter, Ibrahim Syed, and Leonard Thomas, in their official capacities as members of the Louisville Metro Human Relations Commission Enforcement Board (collectively, "Defendants"), by counsel, for their Answer to the Complaint, state as follows:

### FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Each averment of the Complaint not specifically admitted to be true is denied.

### THIRD DEFENSE

3. The Introduction section of the Complaint contains characterizations and arguments to which no response is required. To the extent any response is required, Defendants

1

deny that Plaintiffs have standing to assert the claims in the Complaint, deny that Plaintiffs have suffered any injury in fact, and deny that Metro Ordinance Sec. 92.05 is unconstitutional.

4. The averments contained in paragraphs 1-5, 219, 221-23, 277 of the Complaint call for legal conclusions not requiring a response but to the extent a response is required said averments are denied.

5. With respect to the averments contained in paragraphs 6-9, 20-47, 49-213, 217-18, 224-25, 229-34, 236-41, 243-44, 250-55, 282-83, 305, 307, and 311-19 of the Complaint, Defendants are without sufficient knowledge or information regarding the truth of the averments contained therein and therefore deny said averments.

6. With respect to the averments contained in paragraph 10 of the Complaint, Defendants deny said averments and state that Louisville/Jefferson County Metro Government is a consolidated local government established pursuant to KRS Chapter 67C as the governments of the City of Louisville and Jefferson County were merged into a consolidated city/urban county government pursuant to KRS Chapter 67C. The General Assembly expressly addressed the applicable immunity of such governments in KRS Sec. 67C.101(2)(e), which provides that consolidated local governments "shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." *See also Jewish Hosp. Healthcare Services, Inc, v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 905, 906 (Ky. App. 2008) ("[Louisville] Metro Government is entitled to sovereign immunity"); *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) (holding that Lexington-Fayette Urban County Government is entitled to sovereign immunity); *Louisville/Metro Government v. Cowan*, 508 S.W.3d 107 (Ky. App. 2017) (same).

7. Defendants deny any averments contained in paragraphs 11 and 12 of the Complaint that are inconsistent with Louisville Metro Ordinance No. 157-2003, Sec. 32.760 and 32.761, which speak for themselves. Defendants further answer that the Louisville Metro Human Relations Commission is an agency within Louisville/Jefferson County Metro Government which maintains two distinct Boards: Louisville Metro Human Relations Commission-Advocacy and Louisville Metro Human Relations Commission-Enforcement. These two boards are not suable entities.

8. With respect to the allegations in paragraph 13 of the Complaint, Defendants admit that Kendall Boyd was the Director of the Louisville Metro Government Human Relations Commission at the time the Complaint was filed, but deny that Mr. Boyd currently holds that position.

9. Defendants deny any averments in paragraphs 14 and 17 of the Complaint that are inconsistent with Louisville Metro Ordinance No. 193-2004, Sec. 92.08-92.10, which speak for themselves.

10. Defendants admit the averments contained in paragraphs 15, 18, 19, 269-71, 273, 303, and 306 of the Complaint.

11. With respect to the allegations in paragraph 16, Defendants admit that Defendants Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Laila Ramey, William Sutter, Ibrahim Syed, and Leonard Thomas were Enforcement Board Commissioners at the time the Complaint was filed, but deny that Ms. Ramey is currently an Enforcement Board Commissioner.

12. With respect to the averments contained in paragraph 48 of the Complaint, Defendants admit that filings available on the Kentucky Secretary of State Website reflect that Chelsey Nelson Photography, LLC was organized and registered as an LLC in October 2019.

Defendants lack sufficient information to admit or deny the averments with respect to Chelsey Nelson's motivations and therefore deny those averments.

13. Defendants deny any averments in paragraphs 214-16 and 220 of the Complaint that are inconsistent with Louisville Metro Ordinance Sec. 92.01 and 92.02 and 92.05, which speak for themselves.

14. Defendants deny the averments in paragraphs 226-28, 235, 245, 308, 310, and 321-325 of the Complaint.

15. Paragraphs 242 and 258-60 set forth legal conclusions not requiring a response and/or describe hypothetical, speculative, non-imminent scenarios which improperly request an advisory opinion. To the extent any further response is required, Defendants deny said averments.

16. Defendants deny any allegations in Paragraphs 246-49 which are inconsistent with Louisville Metro Ordinance Sec. 92.05, which speaks for itself.

17. With respect to the allegations in paragraphs 256 and 257 of the Complaint, Defendants admit that, if posted, the portion of the statements attached as Exhibits 1 and 2 to the Complaint which state that services that are provided to different-sex couples will be denied to same-sex couples because of their sexual orientation would violate the Denial Clause and the Unwelcome Clause as those terms are defined in the Complaint. Defendants deny all other allegations in paragraphs 256 and 257 of the Complaint.

18. The allegations in paragraphs 261 and 267-68 are too vague and ambiguous to permit Defendants to admit or deny the allegations. To the extent any further response is required, Defendants deny any allegations inconsistent with the Metro Ordinance sections cited or referenced therein.

19. Paragraphs 262-66, 272, 274-81, and 284-302 of the Complaint purport to quote from and/or characterize various provisions of the Metro Ordinance, which speak for themselves. Defendants deny any allegations that are inconsistent with the sections of the Metro Ordinance cited or referenced in these paragraphs.

20. With respect to the allegations in paragraph 304 of the Complaint, Defendants admit that the Enforcement Commission regularly investigates and processes complaints it receives against places of public accommodation. With respect to the exact number of such complaints in a particular range of years, Defendants admit to the number of complaints reflected in Metro's public records.

21. Paragraph 309 of the Complaint combines legal conclusions to which no response is required with an incomplete hypothetical scenario. To the extent any further response is required, Defendants deny the allegations in paragraph 309.

22. Paragraph 320 of the Complaint sets forth a legal conclusion based on incomplete facts and qualifications with respect to the scope of services that would subject Plaintiffs to Louisville's Accommodations and Publication Provisions. Further with respect to the averments contained in paragraph 320 of the Complaint, Chelsey Nelson Photography, LLC is an LLC as set forth in the Complaint and not a sole proprietorship and therefore Chelsey Nelson does not have standing for an advisory opinion and she is not a proper Plaintiff in this case.

23. With respect to the averments contained in paragraphs 326, 343, 360, 366, and 373 of the Complaint, said averments are merely restatements of the allegations contained in paragraphs 1-325 of the Complaint and therefore Defendants restate their Answers contained in paragraphs 1-22 of this Answer as if set forth in full.

24. Paragraphs 327-330, 344-46, 348, 358-59, 361, 367, 374, and 376 of the Complaint set forth legal conclusions and arguments to which no response is required.

25. Defendants deny the allegations in paragraphs 331-336, 340-42, 347, 349-55, 362-65, 370-72, and 378-81 of the Complaint. With respect to paragraph 351, Defendants deny any contact with Plaintiff before this suit was filed and specifically deny that Plaintiffs ever contacted Defendants to request a religious exemption.

26. Defendants are without sufficient information to admit or deny the allegations in paragraphs 337-39, 356-57, and 375 of the Complaint and therefore deny those allegations.

27. Defendants deny any allegations in paragraphs 368-69 and 377 of the Complaint that are inconsistent with the provisions of the Ordinance or Statute quoted or referenced therein.

## FOURTH DEFENSE

28. Each of the above-mentioned Defendants pleads as an affirmative defense qualified immunity which is a bar to the Plaintiffs' case and alleged claims asserted.

## FIFTH DEFENSE

29. Each of the above-mentioned Defendants pleads as an affirmative defense sovereign immunity which is a bar to the Plaintiff's case and alleged claims asserted.

## SIXTH DEFENSE

30. Plaintiffs lack standing under Article III of the United States Constitution as Plaintiffs fail to meet the injury-in-fact requirement for an action and the case is not ripe and the threat of enforcement of the subject Metro Ordinance 92.05 is not sufficiently imminent.

## SEVENTH DEFENSE

31. Plaintiffs do not have an actual case or controversy and their situation is hypothetical and conjectural and speculative rather than an imminent injury in fact or real or imminent and therefore Plaintiffs have no claims or standing in this action.

## EIGHTH DEFENSE

32. The Court should exercise its equitable discretion to decline review of Plaintiffs' claims, which are not justiciable or ripe.

## NINTH DEFENSE

33. With respect to Plaintiffs' claims for injunctive or declaratory relief, Plaintiffs do not have a real and immediate threat of future injury or sufficient likelihood that they will be affected by the alleged unlawful conduct and therefore Plaintiffs cannot establish irreparable harm or injury in fact as required for the issuance of injunctive or declaratory relief.

## TENTH DEFENSE

34. Plaintiffs do not have standing to litigate any claims under 42 U.S.C. Sec. 1983 et. al. or other alleged constitutional claim as Plaintiffs have not incurred a direct or immediate injury resulting from the violation of a constitutional right designed to protect them, or any one of them.

## ELEVENTH DEFENSE

35. As further set forth in Defendants' response to Plaintiff's motion for a preliminary injunction, Plaintiffs cannot satisfy the requirements for injunctive relief.

## TWELFTH DEFENSE

36. Plaintiffs are not entitled to reasonable attorneys' fees or costs or expenses in accordance with 42 U.S.C. Sec. 1988.

### THIRTEENTH DEFENSE

37. Plaintiffs have not suffered any damages that would entitle them to an award of compensatory damages and Defendants have sovereign immunity for claims stemming from any duties while in their official capacities.

### FOURTEENTH DEFENSE

38. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Sec. 2201 and Sec. 2202 this Court should decline to assume jurisdiction in this case requesting declaratory relief or otherwise decline to exercise its discretion in avoiding and/or declining a decision for the requested relief.

### FIFTEENTH DEFENSE

39. Pursuant to Fed R. Civ. P. 8(c) and/or 12(b), Defendants assert the affirmative defenses of lack of subject matter jurisdiction, improper venue and/or any of the other named affirmative defenses set forth in these rules as a bar to Plaintiffs' claims herein.

### SIXTEENTH DEFENSE

40. As Chelsey Nelson Photography, LLC is a Kentucky limited liability corporation, her business is not a solo proprietorship and she personally does not have standing in this action and personally she is not a proper Plaintiff.

### SEVENTEENTH DEFENSE

41. Defendants reserve the right to assert additional defenses, counterclaims, and/or third-party claims that may be revealed during the discovery process.

**WHEREFORE**, the Defendants named above respectfully demand as follows:

1. That the Complaint and all claims be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That Defendants be awarded their cost herein expended and, if applicable, their reasonable attorneys' fees;

3. That the Court find Plaintiffs lack standing to assert the claims in the Complaint;

4. Trial by jury on all issues so triable;

5. For apportionment if appropriate; and

6. For any and all other relief to which Defendants may appear to be entitled.

Respectfully submitted,

/s/ *Casey L. Hinkle*

MIKE O'CONNELL,
JEFFERSON COUNTY ATTORNEY
JOHN F. CARROLL
JASON D. FOWLER
Assistant Jefferson County Attorneys
531 Court Pl., Ste. 900
Louisville, KY  40202
(502) 574-6321 (phone)
(502) 574-4215 (fax)

DAVID S. KAPLAN
CASEY L. HINKLE
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 416-1630
dkaplan@kaplanjohnsonlaw.com
chinkle@kaplanjohnsonlaw.com

*Counsel for Defendants*
*Louisville/Jefferson County Metro Government et al.*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Answer was electronically filed on this 28th day of August 2020 via the Court's electronic filing system, which will send notice of the filing to all counsel of record.

                                           /s/ *Casey L. Hinkle*
                                           *Counsel for Defendants*