IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:19-CV-851-CHB-CHL

CHELSEY NELSON PHOTOGRAPHY, LLC            PLAINTIFFS
AND CHELSEY NELSON

v.

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, ET AL.     DEFENDANTS

*ELECTRONICALLY FILED*

**JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Jointly, by their respective counsel, Plaintiffs, Chelsey Nelson Photography, LLC, and Chelsey Nelson ("Plaintiffs") and Defendants, Louisville/Jefferson County Metro Government, Louisville Metro Human Relations Commission-Enforcement, Louisville Metro Human Relations Commission, Kendall Boyd, Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Laila Ramey, William Sutter, Ibrahim Syed, and Leonard Thomas, all in their official capacities ("Defendants") (collectively the "Parties"), pursuant to Fed. R. Civ. P. 26(f), hereby provide their report of their planning meeting:

**1.     Appearances.**

The Parties held a Fed. R. Civ. P. 26(f) conference via a telephonic meeting on September 10, 2020. Jonathan A. Scruggs and Bryan Neihart participated on behalf of Plaintiffs. John F. Carroll, David Kaplan, and Casey Hinkle participated on behalf of Defendants. The Parties have exchanged drafts of proposed litigation plans and prepared the following report.

**2.     Description of the Facts and Issues.**

     **A.     Summary of Plaintiffs' Claims.**

Plaintiffs claim that Defendants have violated their free speech, free association, free press, free exercise of religion, and freedom from the establishment of religion rights under the First Amendment; their rights to be free from laws that are vague, overbroad, and give government unbridled discretion under the Fourteenth Amendment; and their rights to free exercise of religion under Kentucky's Religious Freedom Restoration Act, K.R.S. § 446.350. Defendants interpret Metro Amended Ordinance Number 193-2004, § 92.05(A) (1) to force Plaintiffs to create photographs and write blog posts that express messages which conflict with their beliefs about marriage and (2) to force Plaintiffs to participate in religious events which conflict with their religious beliefs. Defendants interpret Metro Amended Ordinance Number 193-2004, § 92.05(B) to ban Plaintiffs from publishing speech explaining their religious beliefs about marriage and their religious reasons for why they can only express certain messages about marriage. A clause of § 92.05(B) is facially vague, overbroad, and gives Defendants unbridled discretion.

### B.  Summary of Defendants' Claims/Defenses.

Defendants deny Plaintiffs' characterization of Defendants' interpretation of Metro Amended Ordinance Number 193-2004, § 92.05 (the "Fairness Ordinance") set forth above. The Fairness Ordinance serves the legitimate, important, and compelling state interest in preventing discrimination on the basis of sexual orientation and other protected classes and ensuring that members of this community have access to goods and services. On its face and as applied to the Plaintiffs, the Fairness Ordinance is not unconstitutional because, *inter alia*, it regulates conduct, not speech, and does not compel any speech or endorse any government-sponsored message or ideology. The Fairness Ordinance is a law of general applicability that has been neutrally applied, and does not target any religious group. This is a pre-enforcement lawsuit filed by Plaintiffs where there was no credible threat of enforcement of the Fairness Ordinance against Plaintiffs. For this

and other reasons, Plaintiffs lack standing to bring the claims in the Complaint. Moreover, Defendants are immune from some or all of Plaintiffs' claims.

**3.     Admissions and Stipulations of Fact.**

The Parties have not agreed upon stipulated facts. However, the Parties are willing to discuss stipulated facts as they become known through discovery.

**4.     Initial Disclosures.**

The Parties shall serve their Rule 26(a)(1) initial disclosures by October 26, 2020.

**5.     Discovery Plan.**

The Parties set forth different plans for discovery where noted. They propose that the Court establish the following fact discovery deadlines and limitations:

**A.     Subjects of Discovery.**

Plaintiffs anticipate the need to take discovery from Defendants and third parties on the issues of (1) the factual allegations contained in Plaintiffs' Verified Complaint and Defendants' Answer to Complaint; (2) Defendants' passage, development, implementation, enforcement, and interpretation of the Metro Amended Ordinance Number 193-2004 and any implementing ordinances; (3) information related to Plaintiffs' ability to post their policies and operate their business consistent with their beliefs; (4) Defendants' alleged interest for passing and enforcing the Accommodations and Publication Provisions; (5) the availability of other photography and blogging services in Louisville/Jefferson County willing to photograph same-sex weddings; and (6) the effect of Metro Amended Ordinance Number 193-2004 and any implementing ordinances on Plaintiffs as compared to other photography and blogging competitors in the Kentucky market.

Defendants anticipate the need to take discovery from the Plaintiffs and third parties concerning the Defendants' liability and Plaintiffs' rights to injunctive relief[1] including: (1) Plaintiffs' claims that the Public Accommodations Provision and Publication Provision violate their rights to free exercise of religion; (2) Plaintiffs' claims that the Public Accommodations Provision and Publication Provision violate their rights to freedom of speech; (3) the nature of Plaintiffs' existing and planned business operations; (4) whether the Plaintiffs have engaged or intend to engage in conduct that would violate the Public Accommodations Provision and/or Publication Provision; (5) whether the Louisville/Jefferson County Metro Government has a legitimate, important, and/or compelling state interest in enforcing the Public Accommodations Provision and Publication Provision; and (6) whether the Public Accommodations Provision and Publication Provision are appropriately tailored to achieve that interest.

The Parties expect that answers to interrogatories, production of documents from the Parties and third parties, and depositions of Parties and third-party witnesses may be necessary.

Defendants believe expert discovery may be necessary. Plaintiffs do not expect expert discovery will be necessary except in case of rebuttal.

    **B.**    **Fact Discovery Deadline.**

The Parties must complete fact discovery by April 1, 2021.

    **C.**    **Expert Discovery.**

Plaintiffs do not anticipate calling expert witnesses, but may do so in rebuttal if Defendants elect to call any experts. Defendants may call expert witnesses.

    **i.**    **Expert Disclosure Deadline.**

---

[1] The Court dismissed the Plaintiffs' damages claims without prejudice. Should those claims be re-filed or otherwise actively asserted, Defendants reserve the right to take discovery on damages.

**Plaintiffs' Proposal:** The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion or proof and the topics of the expert's expertise must be disclosed by March 1, 2021 and initial expert written reports from such experts must be disclosed by April 1, 2021.

**Defendants' Proposal:** The identity of the expert(s) and initial expert reports must be disclosed by April 1, 2021.

    **ii.**    **Rebuttal Expert Disclosure Deadline.**

**Plaintiffs' Proposal:** The identity of any experts who may testify in rebuttal to any initial expert and the topics of the expert's expertise must be disclosed by April 1, 2021 and any rebuttal expert's written report must be disclosed by May 1, 2021.

**Defendants' Proposal:** The identity of any rebuttal expert(s) and the rebuttal expert's report must be disclosed by May 1, 2021.

    **iii.**    **Expert Discovery Deadline.**

The Parties must complete all expert discovery by June 10, 2021.

    **D.**    **Number of Interrogatories, Requests for Admissions, and/or Depositions.**

The Parties will follow the Rules of Civil Procedures with respect to discovery requests under Rules 30, 33, 34, and 36. If a Party determines that additional discovery is needed, that Party will make such request to the other Party and, absent agreement, seek leave of Court.

    **E.**    **Discovery Related to Electronically Stored Information.**

The Parties have discussed disclosure and discovery of electronically stored information and do not anticipate any special protocols for discovery related to electronically stored information. The Parties agree to produce electronically stored information in a reasonably usable form or forms, such as PDF, TIFF, or JPEG. If a Party determines that electronically stored

information should be produced in a different form or native form, the Party shall specify the form or forms in which electronically stored information is to be produced and shall work in good faith with the other Party to mutually agree on a production format that minimizes burdens on all Parties.

  **F.**  **Supplementation under Rule 26(e).**

The Parties shall supplement under Rule 26(e) within 30 days of the discovery of new information, but in any event no later than 30 days prior to the close of factual discovery and no later than 21 days prior to the close of expert discovery.

**6.**  **Dispositive Motions Deadline.**

All dispositive motions and any motions objecting to the admissibility of expert witness testimony shall be filed by July 1, 2021. The Parties anticipate there will be dispositive motions and request a hearing date to be set in September or October 2021.

**7.**  **Plaintiffs' Proposal: Alternative Dispositive Motions Deadline.**

If the Parties determine that they will not call any experts by March 1, 2021, all dispositive motions shall be filed by May 1, 2021. The Parties anticipate there will be dispositive motions and request a hearing date to be set in July 2021.

Defendants oppose establishing any alternative deadline for dispositive motions.

**8.**  **Other Items.**

  **A.**  The Parties shall join parties and amend pleadings by November 6, 2020.

  **B.**  The Parties shall submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists no later than 45 days prior to trial.

  **C.**  The Parties shall submit objections under Rule 26(a)(3) no later than 30 days prior to trial.

**D.** The Parties are willing to consider any settlement offer, but the Parties do not believe that the matter is suitable for alternative dispute resolution at this time.

**E.** This case will be ready for trial by the Court 150 days after the Court rules on any dispositive motions.

**F.** The Parties estimate the probable length of trial to be 3-5 days. Provided that Plaintiffs do not seek to reinstate their claims for money damages which were dismissed by the Court's August 14, 2020 Order, Defendants withdraw their request for a jury trial and agree that trial in this matter will be a bench trial.

**G.** The Parties request a trial date to be set approximately 120 days after the Court rules on any dispositive motions.

**H.** The Parties request a final pretrial conference after the completion of pre-trial disclosures.

**I.** The Parties do not consent to the referral of this matter for all purposes to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**HAVE SEEN AND AGREED TO:**

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ John F. Carroll
John F. Carroll
Jason D. Fowler
Assistant Jefferson County Attorneys
531 Court Place, Ste. 900
Louisville, Kentucky 40202
(502) 574-6321
john.carroll2@louisvilleky.gov
jason.fowler@louisvilleky.gov
*Counsel for Defendants*

**AND**

David S. Kaplan
Casey L. Hinkle
Kaplan Johnson Abate & Bird LLP
710 W. Main Street, 4th Floor
Louisville, KY 40202
(502)-416-1630
dkaplan@Kaplanjohnsonlaw.com
chinkle@Kaplanjohnsonlaw.com
*Co-Counsel for Defendants*

**AND**

/s/Bryan Neihart
Jonathan A. Scruggs
AZ Bar No. 030505*
Katherine L. Anderson
AZ Bar No. 033104*
Bryan Neihart
AZ Bar No. 035937*
Alliance Defending Freedom
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@adflegal.org
kanderson@adflegal.org
bneihart@adflegal.org
*Counsel for Plaintiffs*

**AND**

David A. Cortman
GA Bar No. 188810*
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@adflegal.org
*Counsel for Plaintiffs*

**AND**

Joshua D. Hershberger
KY Bar No. 94421
Hershberger Law Office

8

P.O. Box 233
Hanover, IN 47243
(812) 274-0441
josh@hlo.legal
*Counsel for Plaintiffs*

\* Admitted *Pro Hac Vice*

## Certificate of Service

I hereby certify that on September 21, 2020, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

By: s/ Bryan Neihart

Bryan Neihart
AZ Bar No. 035937*
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
Telephone: 480-444-0020
bneihart@ADFlegal.org

ATTORNEY FOR PLAINTIFFS

* Admitted *Pro Hac Vice*