# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **Chelsey Nelson Photography LLC** and **Chelsey Nelson,**<br><br>       Plaintiffs,<br><br>v.<br><br>**Louisville/Jefferson County Metro Government; Louisville Metro Human Relations Commission-Enforcement; Louisville Metro Human Relations Commission-Advocacy; Verná Goatley,** in her official capacity as Executive Director of the Louisville Metro Human Relations Commission-Enforcement; and **Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Leslie Faust, William Sutter, Ibrahim Syed,** and **Leonard Thomas,** in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement,<br><br>       Defendants. | Case No. 3:19-cv-00851-BJB-CHL<br><br>**Plaintiffs' Reply in Support of Motion for Extension of Time to Complete Fact Discovery** |

**Argument**

Plaintiffs Chelsey Nelson and Chelsey Nelson Photography LLC (collectively "Chelsey") established good cause to modify the Court's scheduling order and extend the fact-discovery deadline sixty days. Louisville's response is too late because it was filed more than seven days after Chelsey filed her motion. *See* LR 7.1(b) (responses opposing extensions of time "must be filed within 7 days of service of the motion"). So the Court should not consider it.

But even in its late response, Louisville does not dispute that Chelsey meets the good cause standard to extend fact discovery. *See* Defs.' Resp. to Pls.' Mot. for Ext. of Time to Complete Fact Discovery ("Resp."), ECF No. 71. Instead, Louisville asks to extend all deadlines sixty-days. *Id.* at 2. But Louisville does not show "good cause" for this request. *See* F.R.C.P. 16(b)(4) ("A schedule may be modified *only* for good cause and with the judge's consent." (emphasis added)). So only the fact-discovery deadline should be extended.

Louisville gives three reasons to extend all deadlines. But none of them relate to the "primary measure" of good cause—"diligence in attempting to meet" scheduling order requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

First, Louisville complains about the scope of discovery. Resp. at 1-2. But Louisville's own actions justify this scope. *See* Pls.' Mot. to Compel Disc. 2-3, ECF No. 63 (explaining how Louisville invoked history in its defense). In any event, Louisville's complaint does not justify extending all deadlines. Louisville does not assert (much less prove) that it diligently tried to produce documents and was unable because of discovery volume. In fact, Chelsey granted Louisville's only request for an extension of time for discovery. *See* Bryan D. Neihart's Decl. in Supp. of Pls." Mot. for Extension of Time to Complete Fact Disc. ¶ 4, ECF No. 70-1. Louisville's production delay occurred because of its objections, not its inability to

gather documents within the deadlines. *See* Defs.' Mot. for Protective Order, ECF No. 64.

Second, Louisville wants "to complete fact discovery before expert reports are disclosed." Resp. at 2. But diligence—not "convenien[ce]"—determines good cause. *Todd v. Hyster-Yale Grp., Inc.*, 2019 WL 1938792, at *3 (E.D. Ky. May 1, 2019). And Louisville cannot show good cause because it is "not arguing that [it] cannot meet the deadlines in the scheduling order despite due diligence." *Id.* Indeed, the only incomplete fact discovery seeks information in Louisville's possession. *See* Pls.' Mot. for Ext. of Time to Complete Fact Discovery at 5-6, ECF No. 70 (making this point). So Louisville already has what it needs to name an expert (if any). Plus, under Chelsey's proposal, fact discovery would close on May 31, 2021. Louisville could then have time to supplement any expert report before the end of expert discovery on June 10, 2021. Scheduling Order 2, ECF No. 57.

Finally, Louisville denies any harm to Chelsey if all deadlines were pushed back sixty days. But that's not true and irrelevant as well. Factually, Louisville's proposal unnecessarily delays the dispositive-motions deadline. Because the "parties anticipate filing cross-motions for summary judgment after the completion of discovery," Joint Status Report 2, ECF No. 61, this delay requires Chelsey to continue to operate her business with uncertainty as she waits for her case to be resolved. Legally, a moving party—like Louisville—who "fails to show 'good cause' will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice because of the modification of the scheduling order." *Lacer v. Toyota of Bowling Green*, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018). That's because a court "must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced." *Id.* Because Louisville has not justified its failure to meet deadlines, any prejudice to Chelsey is legally irrelevant.

## Conclusion

Chelsey therefore requests that this Court modify the current scheduling order to extend the fact discovery deadline from April 1, 2021 to May 31, 2021 and to maintain all other deadlines.

Respectfully submitted this 12th day of April, 2021.

By: <u>s/ Bryan D. Neihart</u>

| | |
|---|---|
| Jonathan A. Scruggs | Joshua D. Hershberger |
| AZ Bar No. 030505* | KY Bar No. 94421 |
| Katherine L. Anderson | **Hershberger Law Office** |
| AZ Bar No. 033104* | P.O. Box 233 |
| Bryan D. Neihart | Hanover, IN 47243 |
| AZ Bar No. 035937* | Telephone: (812) 274-0441 |
| **Alliance Defending Freedom** | josh@hlo.legal |
| 15100 N. 90th Street | |
| Scottsdale, AZ  85260 | *Attorneys for Plaintiffs* |
| Telephone: (480) 444-0020 | |
| jscruggs@adflegal.org | |
| kanderson@adflegal.org | |
| bneihart@adflegal.org | |

David A. Cortman
GA Bar No. 188810*
**Alliance Defending Freedom**
1000 Hurricane Shoals Road NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@adflegal.org

\* Admission *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 12, 2021, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

            By: <u>s/ Bryan D. Neihart</u>

              Bryan D. Neihart
              AZ Bar No. 035937*
              Alliance Defending Freedom
              15100 N. 90th Street
              Scottsdale, AZ 85260
              Telephone: 480-444-0020
              bneihart@ADFlegal.org

              *Attorney for Plaintiffs*
              * Admitted *Pro Hac Vice*