# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**Chelsey Nelson Photography LLC,** and **Chelsey Nelson,**

        Plaintiffs,

v.

**Louisville/Jefferson County Metro Government; Louisville Metro Human Relations Commission-Enforcement; Louisville Metro Human Relations Commission-Advocacy; Verná Goatley,** in her official capacity as Executive Director of the Louisville Metro Human Relations Commission-Enforcement; and **Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Leslie Faust, William Sutter, Ibrahim Syed,** and **Leonard Thomas,** in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement,

        Defendants.

Case No. 3:19-cv-00851-BJB-CHL

**Plaintiffs' Summary Judgment Motion**

Plaintiffs Chelsey Nelson Photography LLC and Chelsey Nelson (collectively "Chelsey") move for summary judgment under Federal Rule of Civil Procedure 56 against Defendants Louisville/Jefferson County Metro Government, Louisville Metro Human Relations Commission-Enforcement, Louisville Metro Human Relations Commission-Advocacy, Executive Director Verná Goatley, and Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Leslie Faust, William Sutter, Ibrahim Syed, and Leonard Thomas (collectively "Louisville"). Chelsey specifically requests that this Court enter a permanent injunction and a declaratory judgment against

Louisville to stop it from violating Chelsey's rights under the First and Fourteenth Amendments and Kentucky's Religious Freedom Restoration Act (KRFRA).

Chelsey asks that the permanent injunction enjoin Louisville, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Louisville who receive actual notice of this order from enforcing the following:

1. Louisville's Accommodations Provision (Metro Ordinance § 92.05(A)) to compel Chelsey to offer or provide her wedding-celebration services or boutique-editing services to express messages or participate in wedding ceremonies inconsistent with Chelsey's beliefs in marriage between one man and one woman, such as offering or providing these services for same-sex wedding ceremonies.

2. Louisville's Accommodations Provision (Metro Ordinance § 92.05(A)) to prohibit Chelsey from continuing her policy and practice of only offering and providing her wedding-celebration services and boutique-editing services to express messages and participate in wedding ceremonies consistent with Chelsey's beliefs in marriage between one man and one woman.

3. Louisville's Publication Provision (Metro Ordinance § 92.05(B)) to prohibit Chelsey from posting her desired statements (Verified Complaint Exhibits 1 and 2) on her website and from making materially similar statements on her studio's website, on her studio's social media sites, or directly to prospective clients.

4. Louisville's Publication Provision's Unwelcome Clause (Metro Ordinance § 92.05(B)) against anyone because it is facially vague and overbroad, and grants enforcement officials unbridled discretion.

In sum, Chelsey seeks *as-applied* relief against the Accommodations Provision and the Publication Provision and *facial* relief only against the Publication Provision's Unwelcome Clause. Absent a permanent injunction, Chelsey will suffer irreparable harm—the violation of her rights guaranteed by the United States Constitution and KRFRA. And Chelsey has no adequate remedy at law.

Chelsey also requests a declaratory judgement that applying the Accommodations or the Publication Provisions against Chelsey as described in paragraphs 1–3 violates Chelsey's First and Fourteenth Amendment rights and her rights under KRFRA. Chelsey also requests a declaratory judgment that the Publication Provision's Unwelcome Clause facially violates the First and Fourteenth Amendments as described in paragraph 4. A declaratory judgment would "settle the controversy," would "clarify[] the legal relations in issue," and is an effective remedy and does not create a "fencing" issue or federalism "friction." *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (considering these factors).

In support of her motion, Chelsey relies on any oral argument permitted; prior documents, orders, and arguments filed or held in this case; and the following documents in particular:

- The Verified Complaint and the exhibits accompanying it (ECF Nos. 1, 1–1, 1–2);
- Plaintiffs' Brief in Support of Their Preliminary Injunction Motion and accompanying documents (ECF Nos. 3, 3–1, 3–2, 3–3, 3–4, 3–5);
- This Court's order granting Chelsey's preliminary injunction motion (ECF No. 47);
- Plaintiffs' Brief in Support of Their Summary Judgment Motion;
- Chelsey Nelson's Declaration in Support of Plaintiffs' Summary Judgment Motion;

- Bryan D. Neihart's Declaration in Support of Plaintiffs' Summary Judgment Motion;
- Appendix to Plaintiffs' Brief in Support of Plaintiffs' Summary Judgment Motion; and
- Plaintiffs' Reply in Support of Their Summary Judgment Motion (if filed) and supporting documents (if any).

Chelsey also asks this Court to waive any bond because this requested injunction serves the public interest by vindicating First and Fourteenth Amendment rights. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1175-76 (6th Cir. 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved). If the Court grants this motion in whole or in part, Chelsey will then file a motion to award attorneys' fees and costs as the prevailing party. *See, e.g.*, 42 U.S.C. § 1988.

Chelsey requests oral argument to be heard at a time and date set by the Court. Joint Local Rules of Civil Practice, Rule 7.1(f).

Respectfully submitted this 1st day of September, 2021.


By:  s/ Bryan D. Neihart

Ryan Bangert
TX Bar No. 24045446*
Jonathan A. Scruggs
AZ Bar No. 030505*
Katherine L. Anderson
AZ Bar No. 033104*
Bryan D. Neihart
AZ Bar No. 035937*
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ  85260
Telephone: (480) 444-0020
rbangert@adflegal.org
jscruggs@adflegal.org
kanderson@adflegal.org
bneihart@adflegal.org

Hailey M. Vrdolyak
IL Bar No. 6333515*
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202 393-8690
hvrdolyak@adflegal.org

David A. Cortman
GA Bar No. 188810*
**Alliance Defending Freedom**
1000 Hurricane Shoals Road NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@adflegal.org

Joshua D. Hershberger
KY Bar No. 94421
**Hershberger Law Office**
P.O. Box 233
Hanover, IN 47243
Telephone: (812) 274-0441
josh@hlo.legal

*Attorneys for Plaintiffs*

* Admission *Pro Hac Vice*

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2021, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

By: s/ Bryan D. Neihart

Bryan D. Neihart
AZ Bar No. 035937*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: 480-444-0020
bneihart@ADFlegal.org

*Attorney for Plaintiffs*
\* Admitted *Pro Hac Vice*