# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **Chelsey Nelson Photography LLC,** and **Chelsey Nelson,** <br><br> Plaintiffs, <br><br> v. <br><br> **Louisville/Jefferson County Metro Government; Louisville Metro Human Relations Commission-Enforcement; Louisville Metro Human Relations Commission-Advocacy; Verná Goatley,** in her official capacity as Executive Director of the Louisville Metro Human Relations Commission-Enforcement; and **Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Leslie Faust, William Sutter, Ibrahim Syed,** and **Leonard Thomas,** in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement, <br><br> Defendants. | Case No.3:19-cv-00851-BJB-CHL <br><br><br> **[Proposed] Order Granting Plaintiffs' Summary Judgment Motion** |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. In determining whether to grant a motion for summary judgment, the Court has considered whether there is no dispute of material fact such that the Plaintiffs are entitled to judgment as a matter of law. In determining whether to grant a permanent injunction, the Court has considered the following factors: (1) whether Plaintiffs suffer a constitutional violation; (2) with ongoing irreparable harm; (3) for which there is no adequate remedy at law. *Saieg v. City of Dearborn*, 641 F.3d 727, 733 (6th Cir. 2011). The Court has also considered whether a

declaratory judgment would (1) settle this controversy; (2) clarify the parties' legal relationships; (3) be for purposes of "procedural fencing" or for "res judicata"; (4) increase friction between federal and state courts; and (5) be an effective remedy. *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Court, having reviewed the motion and being otherwise sufficiently advised, finds as follows:

1. The Accommodations Provision (Metro Ordinance § 92.05(A)) violates Plaintiffs' First Amendment rights to free speech and free exercise and Plaintiffs' rights under Kentucky's Religious Freedom Restoration Act (KRFRA).

2. The Publication Provision (Metro Ordinance § 92.05(B)) violates Plaintiffs' First Amendment rights to free speech and free exercise and Plaintiffs' rights under KRFRA.

3. The Publication Provision's Unwelcome Clause violates Plaintiffs' First and Fourteenth Amendment's due process rights.

4. Plaintiffs' First and Fourteenth Amendment rights and rights under KRFRA would be irreparably harmed absent a permanent injunction. *See Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989) ("minimal infringement" on First Amendment rights constitutes irreparable harm); *Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987) (existence of unconstitutionally vague law constitutes irreparable harm).

5. There is no adequate remedy at law for these violations.

6. A declaratory judgment in this case would settle the dispute, clarify the parties' legal relationships, and provide an effective remedy. And a declaratory judgment would not be for the purpose of procedural fencing or cause friction between federal and state courts.

7. Because there is no dispute of material fact, the Court concludes that Plaintiffs are entitled to judgment as a matter of law.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion for Summary Judgment is GRANTED on Plaintiffs' as-applied First Amendment and KRFRA claims challenging the Accommodations and Publication Provisions and Plaintiffs' facial First and Fourteenth Amendment claims challenging the Publication Provision's Unwelcome Clause.

2. Defendants, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Louisville who receive actual notice of this order are PERMANENTLY ENJOINED from enforcing the following:

- The Accommodations Provision (Metro Ordinance § 92.05(A)) to compel Plaintiffs to offer or provide their wedding-celebration services and boutique-editing services to express messages or participate in wedding ceremonies inconsistent with Plaintiffs' beliefs in marriage between one man and one woman, such as offering or providing these services for same-sex wedding ceremonies.

- The Accommodations Provision (Metro Ordinance § 92.05(A)) to prohibit Plaintiffs from continuing their policy and practice of only offering and providing their wedding-celebration services and boutique-editing services to express messages and participate in wedding ceremonies consistent with Chelsey's beliefs in marriage between one man and one woman.

- The Publication Provision (Metro Ordinance § 92.05(B)) to prohibit Plaintiffs from posting their desired statements (Verified Complaint Exhibits 1 and 2) on their website and from making materially similar statements on their studio's website, on their studio's social media sites, or directly to prospective clients.

- The Publication Provision's Unwelcome Clause (Metro Ordinance § 92.05(B)) against anyone because it is facially vague and overbroad, and grants enforcement officials unbridled discretion.

3. The Court DECLARES as follows:

- The Accommodations Provision (Metro Ordinance § 92.05(A)) violates Plaintiffs' First Amendment rights and rights under KRFRA by compelling them to offer or provide their wedding-celebration services and boutique-editing services to express messages or participate in wedding ceremonies inconsistent with Plaintiffs' beliefs in marriage between one man and one woman, such as offering or providing these services for same-sex wedding ceremonies.

- The Accommodations Provision (Metro Ordinance § 92.05(A)) violates Plaintiffs' First Amendment rights and rights under KRFRA by prohibiting them from continuing their policy and practice of only offering and providing their wedding-celebration services and boutique-editing services to express messages and participate in wedding ceremonies consistent with Plaintiffs' beliefs in marriage between one man and one woman.

- The Publication Provision (Metro Ordinance § 92.05(B)) violates Plaintiffs' First Amendment rights and rights under KRFRA by prohibiting them from posting their desired statements (Verified Complaint Exhibits 1 and 2) on their website and from making materially similar statements on their studio's website, on their studio's social media sites, or directly to prospective clients.

- The Publication Provision's Unwelcome Clause (Metro Ordinance § 92.05(B)) facially violates the First and Fourteenth Amendments because it is facially vague and overbroad, and grants enforcement officials unbridled discretion.