**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:19-CV-00851-BJB-CHL**

**CHELSEY NELSON PHOTOGRAPHY LLC, et al.,**                                   **Plaintiffs,**

**v.**

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, et al.,    Defendants.**

### MEMORANDUM AND ORDER REGARDING SEALING CONFIDENTIAL INFORMATION

This memorandum and order regarding sealing confidential information enunciates the specific standards that must be met and the procedures that must be followed in order to file anything in the Court record under seal.

#### Legal Standard Required to File Information Under Seal

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  These interests include "certain privacy rights of participants or third parties, trade secrets, and national security."  *Brown*, 710 F.2d at 1179.  The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient.  *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed.  *Shane*, 825 F.3d at 307.  Examples of injuries sufficient to justify a sealing of judicial records include those

that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

*It is highly unlikely that the Court will place entire motions and their supporting documents under seal.* To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access. The parties are encouraged to be very selective in the information they seek to seal. A party cannot expect to reap the benefits of an overbroad request by shifting the onus to the Court to determine on a "line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308.

<u>Procedure Required to Obtain Leave to File Under Seal in This Case</u>

1. Any party who wishes to file material under seal must file an appropriate motion in the Court record seeking leave to do so. In filing this motion, the moving party MUST comply with Local Rule 5.6. If the motion to seal is granted, the document shall remain under seal, unless the Court orders otherwise. If the Court denies the motion to seal, any party may

file that same material, which was the subject of the motion to seal, in the public record following the of entry of the Court's order denying the motion to seal.

2. In the event a party moves to file under seal information which has been designated as confidential by someone else (*e.g.*, another party or a non-party), the party shall file a motion to provisionally seal and indicate that the information has been designated as confidential by someone else. The party who has designated the information as confidential will have **fourteen days** from service of the motion to provisionally seal to file: (a) a response indicating whether that party moves to permanently seal, and (b) if the response is in the affirmative, any declarations or other papers supporting such response. If the moving party opposes a response requesting a permanent seal, the moving party shall file a reply **within seven days** of service of the response.

3. Except as stated in Federal Rule of Civil Procedure 5.2, redaction is considered by the Court to be the same as sealing information. A proposed redacted document (the document with the confidential information redacted from it) should be filed as an attachment to the motion to seal or response to the motion to seal, as is appropriate under the circumstances.

4. Failure to comply with the procedures set forth in this order may result in the Court summarily denying the motion.

**IT IS SO ORDERED.**

March 29, 2022

cc: Counsel of record

Colin H Lindsay, Magistrate Judge
United States District Court