## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **Chelsey Nelson Photography LLC,** and **Chelsey Nelson,** | |
| Plaintiffs, | |
| **v.** | |
| **Louisville/Jefferson County Metro Government; Louisville Metro Human Relations Commission–Enforcement; Louisville Metro Human Relations Commission–Advocacy; Verná Goatley,** in her official capacity as Executive Director of the Louisville Metro Human Relations Commission–Enforcement; and **Marie Dever, Kevin Delahanty, Charles Lanier, Sr., Leslie Faust, William Sutter, Ibrahim Syed,** and **Leonard Thomas,** in their official capacities as members of the Louisville Metro Human Relations Commission–Enforcement, | **Case No. 3:19-cv-00851-BJB-CHL** **Plaintiffs' Motion to Unseal Documents 119 and 121 and Their Attachments** |
| Defendants. | |

# TABLE OF CONTENTS

Table of Authorities .................................................................................................... ii

Introduction ................................................................................................................ 1

Background ................................................................................................................. 1

Argument .................................................................................................................... 2

Conclusion .................................................................................................................. 4

# Table of Authorities

## Cases

*Brown & Williamson Tobacco Corporation v. FTC,*
    710 F.2d 1165 (6th Cir. 1983) .................................................................. 2

*In re Knoxville News–Sentinel Company,*
    723 F.2d 470 (6th Cir. 1983) .................................................................. 2

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,*
    825 F.3d 299 (6th Cir. 2016) ............................................................. 2, 3

*United States ex rel. Scott v. Humana Inc.,*
    2021 WL 4449277 (W.D. Ky. Sept. 28, 2021) .................................... 2, 3

## Statutes

Metro Ordinance § 92.08(B)(7) .................................................................. 3

K.R.S. § 61.878(1) ..................................................................................... 3

## Other Authorities

*Bi-Annual Report*, Louisville Metro Human Relations Commission (2021),
    https://bit.ly/3O5A4QJ ........................................................................ 4

Kentucky Opinion Attorney General 2-425, 1984 WL 185926 (Dec. 13, 1984) ........... 3

## Introduction

This Court previously recognized that "[i]t is difficult to overstate the importance of the issues at stake in this case." Doc. 89, PageID.2197. That assessment is spot-on and provides the basis to unseal Documents 119 and 121 and their attachments. Louisville's public-accommodation law violates Chelsey's freedoms under the First and Fourteenth Amendments and Kentucky's Religious Freedom Restoration Act by compelling and silencing her speech, forcing her to participate in religious events that violate her conscience, treating her worse than secular comparators, and subjecting her to a vague and overbroad provision that gives officials unbridled enforcement discretion. Because of the freedoms at stake, the public has a significant interest in the outcome here and should have access to the court records supporting that outcome. Chelsey moves to provisionally seal Documents 119 and 121 and their attachments because they contain information Louisville designated as confidential. But those records should then be unsealed because the public interest in this case outweighs any marginal privacy concerns.

## Background

Louisville marked the attachments to Documents 119 and 121 as confidential pursuant to the parties' and the Court's protective order. Louisville also redacted portions of the appendix attached to Document 119 before producing those documents. *See* Doc. 119–3. Out of respect for that confidential designation, Chelsey's counsel filed Documents 119 and 121 and their associated documents under seal. After this Court's explanatory order (Doc. 123), the parties conferred and agreed that Chelsey's counsel would file this motion under paragraph 2 of the order—i.e., file a motion to provisionally seal the documents based on the documents being "designated as confidential by someone else." Doc. 123, PageID.5150. Louisville suggested it would then review Documents 119 and 121,

1

the appendix to Document 119, and the redactions in that appendix and develop its position on sealing the documents. Chelsey explains her position that the documents should be unsealed to provide Louisville with a fair opportunity to respond.

## Argument

Although Louisville redacted records in the appendix to Document 119 and marked those records as confidential, (1) Documents 119 and 121 and their attachments should be unsealed as filed; (2) Louisville should quickly (i.e., within seven days) produce unredacted copies of the Scooter Triple B's and Teen Challenge case files so that Chelsey can refile these documents in unredacted form; and (3) the redactions in the remaining case files eliminate any possible privacy concerns.

There is a "strong presumption" favoring public access to court records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). The party seeking to overcome this presumption bears a "heavy" burden to give "'the most compelling reasons'" to justify preventing public access. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). That burden is especially high in this case for two reasons.

First, the public has a significant interest in the subject matter of this litigation. *Shane Grp., Inc.*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."). This public interest "heightens the presumption of access." *United States ex rel. Scott v. Humana Inc.*, Civil Action No. 3:18-CV-00061-GNS-CHL, 2021 WL 4449277, at *5 (W.D. Ky. Sept. 28, 2021) (Lindsay, J.). Second, "transparency is most important at this stage of litigation" because the public has "a substantial interest in knowing what evidence exists (or does not exist) that would

show" that Louisville's law violates Chelsey's constitutional and statutory freedoms. *Id.* at *5 (internal quotation marks omitted).

Louisville's interests in sealing Documents 119 and 121 and their attachments do not outweigh the public's interest in accessing these records. While privacy interests of third parties are generally relevant, *Shane Grp., Inc.*, 825 F.3d at 308, that interest is either undermined here or can be adequately addressed through narrowly tailored redactions.

First, Documents 119 and 121 and their attachments should be unsealed as filed. Third parties filing discrimination complaints with Louisville have a limited expectation of privacy. Portions of the Louisville Metro Human Relations Commission's case files are public records subject to public inspection. *See, e.g.*, Ky. Op. Att'y Gen. 2-425, 1984 WL 185926 (Dec. 13, 1984), at *2. Dismissals, conciliation agreements, complaints, hearing transcripts, hearing evidence, and hearing decisions are "subject to public inspection" under Kentucky's Open Records Act. *Id.* Louisville also regularly publishes conciliation agreements between complainants and respondents on its easy-to-view website. Metro Ord. § 92.08(B)(7); *Bi-Annual Report*, Louisville Metro Human Relations Commission, 19–25 (2021), https://bit.ly/3O5A4QJ (listing names of complainants and respondents and the conciliation terms). And "a court of competent jurisdiction" can compel Louisville to produce documents within case files that do not fit these descriptions under Kentucky's Open Records Act. K.R.S. § 61.878(1). For these reasons, the third-party privacy interests here do not outweigh the public's access to Documents 119 and 121 and their attachments. So these documents should be publicly available.

Second, Louisville should quickly produce Scooter Triple B's and Teen Challenge case files in unredacted form so that they can be refiled unredacted. *See* Doc. 119–3, App. 975–1012 (Scooter Triple B's case file); 1064–1113 (Teen Challenge case file). That's because Scooter Triple B's and Teen Challenge have even less

privacy interests than the average complainant. Louisville discussed the complaint against Scooter Triple B's at a public hearing, Doc. 92–7, PageID.3718–19 (testimony of discussion of Scooter Triple B's at public board meeting), publicized the complaint in its public minutes, *id.* at 3406, and published the terms of Scooter Triple B's conciliation agreement in its public report, *Bi-Annual Report* 25. The parties have also frequently referenced this case in their public briefing. *See e.g.*, Doc. 104, PageID.4555–56; Doc. 120, PageID.5125, 5128. Likewise, the public already knows about Teen Challenge. Several newspaper articles reported on the complaint. Doc. 119–3, App. 1112–13. And Louisville referenced the case in its public briefing. Doc. 120, PageID.5125–26, 5128 (referencing the complaint Lexington Fair Housing Council).

Finally, the redactions in the remaining case files appropriately resolve any potential third-party privacy interests. Doc. 119–3, App. 952–974, 1013–1063. Chelsey does not object to those redactions, but those documents should be publicly available with the redactions.

## Conclusion

Documents 119 and 121 and their attachments may be provisionally sealed because Louisville designated the documents in the appendix (Doc. 119–3) as confidential. But Documents 119 and 121 and their attachments should then be unsealed because of the importance of the issues in this case and the significant public interest in accessing the documents the Court relies on to determine the merits of this case.

Respectfully submitted this 18th day of April, 2022.


By:  *s/ Bryan D. Neihart*

Ryan L. Bangert
TX Bar No. 24045446*
Jonathan A. Scruggs
AZ Bar No. 030505*
Katherine L. Anderson
AZ Bar No. 033104*
Bryan D. Neihart
AZ Bar No. 035937*
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ  85260
Telephone: (480) 444–0020
rbangert@adflegal.org
jscruggs@adflegal.org
kanderson@adflegal.org
bneihart@adflegal.org

Hailey M. Vrdolyak
IL Bar No. 6333515*
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393–8690
hvrdolyak@adflegal.org

David A. Cortman
GA Bar No. 188810*
**Alliance Defending Freedom**
1000 Hurricane Shoals Road NE
Suite D–1100
Lawrenceville, GA 30043
Telephone: (770) 339–0774
dcortman@adflegal.org

Joshua D. Hershberger
KY Bar No. 94421
**Hershberger Law Office**
P.O. Box 233
Hanover, IN 47243
Telephone: (812) 274–0441
josh@hlo.legal

\* Admission *Pro Hac Vice*

Attorneys for Plaintiffs

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

By: _s/ Bryan D. Neihart_

Bryan D. Neihart
AZ Bar No. 035937*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: 480–444–0020
bneihart@ADFlegal.org

_Attorney for Plaintiffs_
* Admitted _Pro Hac Vice_

6