**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 16, 2024

Mr. John J. Bursch
Alliance Defending Freedom
440 First Street, N.W.
Suite 600
Washington, DC 20001

Mr. John F. Carroll Jr.
Jefferson County Attorneys Office
200 S. Fifth Street
Suite 300N
Louisville, KY 40202

Mr. Leonard Joe Dunman IV
Kentucky Commission on Human Rights
332 W. Broadway, Suite 1400
Louisville, KY 40202

Ms. Aditi Fruitwala
American Civil Liberties Union Foundation
915 15th Street, N.W.
Washington, DC 20005

Ms. Casey L. Hinkle
Kaplan, Johnson, Abate & Bird
710 W. Main Street, Suite 400
Louisville, KY 40202

Mr. Richard Brian Katskee
Duke University Law School
210 Science Drive, Box 90360
Durham, NC 27708

Mr. Matthew Franklin Kuhn
Office of the Attorney General of Kentucky
700 Capitol Avenue, Suite 118
Frankfort, KY 40601

Mr. Alexander Joseph Luchenitser
Americans United for Separation of Church and State
1310 L Street, N.W.
Suite 200
Washington, DC 20005

Mr. Jeffrey Carl Mateer
First Liberty Institute
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075

Mr. Bryan Neihart
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260

Mr. Jonathan Andrew Scruggs
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260

Mr. Corey M. Shapiro
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

Re: Case Nos. 22-5884/22-5912, *Chelsey Nelson Photography LLC, et al v. Louisville-Jefferson Co., KY, et al*
Originating Case No. : 3:19-cv-00851

Dear Counsel,

The Court issued the enclosed opinion today in these cases.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. James J. Vilt Jr.

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0167n.06

Nos. 22-5884/5912

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CHELSEY NELSON; CHELSEY NELSON PHOTOGRAPHY LLC,<br><br>    Plaintiffs - Appellees/ Cross - Appellants,<br><br>v.<br><br>LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION-ENFORCEMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION-ADVOCACY; VERNA GOATLEY, in her official capacity as Executive Director of the Louisville Metro Human Relations Commission - Enforcement; GLENDA BERRY, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; KEVIN DELAHANTY, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; LESLIE FAUST, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; ANDREA HOUSTON, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; CHARLES ROGERS, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; WILLIAM SUTTER, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; LEONARD THOMAS, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement,<br><br>    Defendants - Appellants / Cross-Appellees. | **FILED**<br>Apr 16, 2024<br>KELLY L. STEPHENS, Clerk<br><br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY<br><br>OPINION |

Before: STRANCH, BUSH, and MURPHY, Circuit Judges.

Nos. 22-5884/5912, *Nelson, et al. v. Louisville-Jefferson County, KY Metro Government, et al.*

**PER CURIAM.**  Chelsey Nelson is the owner of the Louisville, Kentucky, based photography studio Chelsey Nelson Photography.  She brought suit against various local municipal bodies and officials, who we refer to collectively as "Louisville" or "the City," seeking injunctive, declaratory, and retrospective relief for injuries she allegedly suffered, or will imminently suffer, under the City's public accommodation laws.  These laws prohibit establishments that provide "goods or services to the general public" from discriminating on the basis of sexual orientation.  Louisville, Ky., Metro Gov't Code of Ordinances §§ 92.01-02, 92.05.  They implicate Chelsey Nelson Photography's policy against providing services for same-sex weddings, which is rooted in Nelson's stated religious belief "that God ordained marriage to be a covenant between one man and one woman."

Nelson's lawsuit seeks prospective relief preventing Louisville from enforcing its public accommodation law against her and retrospective relief awarding her nominal and compensatory damages for the chilling effect the law has allegedly had on her protected speech.  The district court entered judgment for Nelson on her prospective claims, concluding that she faced a sufficiently imminent threat of enforcement to confer standing and that the law violated the First Amendment's Free Speech Clause.  *Chelsey Nelson Photography, LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 624 F. Supp. 3d 761, 797-804 (W.D. Ky. 2022).  It dismissed her retrospective claims for lack of standing, concluding that her compensatory damages claim failed for lack of causation and her nominal damages claim failed for lack of redressability.  *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 479 F. Supp. 3d 543, 553 (W.D. Ky. 2020).  The court also granted Nelson's motion to exclude the City's expert and denied her motion to supplement the summary judgment record after the close of discovery.  *Chelsey Nelson Photography*, 624 F. Supp. 3d at 797-800; R. 131, Order.

Nos. 22-5884/5912, *Nelson, et al. v. Louisville-Jefferson County, KY Metro Government, et al.*

The parties each appealed elements of the district court's decisions. Louisville appealed the rulings on Nelson's claims for prospective relief and on the admissibility of its expert witness; Nelson cross-appealed the dismissal of her claims for retrospective relief, the denial of her motion to supplement the record, and the scope of relief the district court entered.

In the time between the district court's initial order and argument before this Court, three notable developments occurred. In March 2021, the Supreme Court decided *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021), holding that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." In April 2023, Nelson disclosed that she had "moved outside Kentucky." And in June 2023, the Supreme Court decided *303 Creative LLC v. Elenis*, 600 U.S. 570, 579-80, 588-89 (2023), holding that a Colorado public accommodation law violated the Free Speech Clause of the First Amendment as applied to a business that provided custom wedding websites.

These developments triggered three additional rounds of briefing in this court. At our direction, the parties filed supplemental briefs addressing the effect of *303 Creative* on this appeal. Louisville then filed a motion, predicated on Nelson's move, seeking remand of the case to the district court to dismiss Nelson's claims as moot or, in the alternative, to undertake further discovery and to enter new findings on the issue. Finally, in addition to opposing remand, Nelson filed a motion to supplement the appellate record with a declaration related to her move.

Given the intervening developments, in particular the "unsettled facts" introduced by Nelson's move to Florida, the "district court is best positioned to resolve" in the first instance the continued vitality of Nelson's claims. *FemHealth USA, Inc. v. Williams*, 83 F.4th 551, 557 (6th Cir. 2023). We therefore **GRANT** Louisville's motion to remand for further proceedings and **DENY** Nelson's motion to supplement the appellate record. We **VACATE** the district court's

Nos. 22-5884/5912, *Nelson, et al. v. Louisville-Jefferson County, KY Metro Government, et al.*

dismissal of Nelson's claim for nominal damages and its denial of Nelson's motion to supplement the summary judgment record, and **REMAND** to the district court to address in the first instance whether Nelson's claims for injunctive relief are moot and whether under *Uzuegbunam* she can maintain her claim for nominal damages.  We express no opinion on these issues, or on the merits of Nelson's claims.  In the interim, we leave in place the injunction prohibiting Louisville from enforcing the Ordinance against Nelson.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nos. 22-5884/5912

CHELSEY NELSON; CHELSEY NELSON PHOTOGRAPHY LLC,

    Plaintiffs - Appellees/Cross - Appellants,

v.

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION—ENFORCEMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION—ADVOCACY; VERNA GOATLEY, in her official capacity as Executive Director of the Louisville Metro Human Relations Commission—Enforcement; GLENDA BERRY, KEVIN DELAHANTY, LESLIE FAUST, ANDREA HOUSTON, CHARLES ROGERS, WILLIAM SUTTER, and LEONARD THOMAS, in their official capacities as members of the Louisville Metro Human Relations Commission—Enforcement,

    Defendants - Appellants/Cross - Appellees.

FILED
Apr 16, 2024
KELLY L. STEPHENS, Clerk

Before:  STRANCH, BUSH, and MURPHY, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Western District of Kentucky at Louisville.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that Louisville's motion to remand for further proceedings is GRANTED, and Chelsey Nelson's motion to supplement the appellate record is DENIED. IT IS FURTHER ORDERED that the district court's dismissal of Nelson's claim for nominal damages and its denial of Nelson's motion to supplement the summary judgment record are VACATED, and the case is REMANDED to the district court to address in the first instance whether Nelson's claims for injunctive relief are moot and whether under *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), she can maintain her claim for nominal damages.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk