# EXHIBIT 1

## TABLE OF DEFENDANTS' STATEMENTS AND TIMELINE OF EVENTS

| Date | Document or Evidence | Statement(s) |
|---|---|---|
| 1/16/2020 | Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction,<br><br>Doc. 15–1 | **PageID.769**: Nelson "wants to use her business website to express her personal views while discriminating against same-sex couples by posting Exhibits A and B to the Complaint and making similar statements."<br><br>**PageID.772**: Nelson's "proposed business model is discriminatory."<br><br>**PageID.773**: "Interpreting the subject Ordinance to include a commercial photography business that provides services to the public and advertises on the Internet is squarely in line with the modern understanding of what businesses constitute "public accommodations" in which the public should be protected from arbitrary and invidious discrimination."<br><br>**PageID.775**: "On its face, then, Plaintiffs' … policy discriminates based on sexual orientation."<br><br>**PageID.783**: "If Plaintiffs wish to publish their position on their business website that they will not photograph same-sex marriages then Plaintiffs have violated the Metro Ordinance, Sec. 92.05 (B)."<br><br>**PageID.788**: "Permitting what Plaintiffs' hypothetically desire to do would devastate the compelling goal of ending discrimination based on sexual orientation."<br><br>**PageID.789**: "Exempting businesses that assert a religious motivation for discrimination would unavoidably result in harm to individuals by subjecting them to discrimination without redress." |

| 08/07/2020 | Hearing Transcript, Doc. 52 | **PageID.1345**: "[Q.]: Okay. And you're not refusing today to -- you're not disavowing – you're not promising you'll never enforce if -- [A.]: That's right. [Q.]: -- there's a violation by Chelsey Nelson? [A.]: Right." **PageID.1349**: "[A.]: I have to concede that [Nelson's statements] would be a violation of the denial ordinance." |
|---|---|---|
| 8/28/2020 | Answer to Complaint, Doc. 48 | **PageID.1232**: "Defendants admit that, if posted, the portion of the statements attached as Exhibits 1 and 2 to the Complaint which state that services that are provided to different-sex couples will be denied to same-sex couples because of their sexual orientation would violate the Denial Clause and the Unwelcome Clause as those terms are defined in the Complaint." |
| 01/25/2021 | Defendants' Responses to Plaintiffs' First Set of Requests for Admissions, Docs. 92–7, 104–4 | **PageID.3258–59**: Admitting law forces Plaintiffs to photograph, edit, and blog about same-sex weddings. **PageID.3261–63**: Admitting Plaintiffs' policy of only photographing and blogging about opposite-sex weddings violates the law. **PageID.3265**: Admitting portion of Plaintiffs' statements that "reads: 'I also can't photograph anything that conflicts with my religious conviction that marriage is a covenant relationship before God between one man and one woman (for example, I don't photograph same-sex weddings or ceremonies celebrating an open marriage).'" **PageID.3265–66**: Admitting portion of Plaintiffs' statements that "reads: 'I also can't edit photographs that conflict with my religious convictions, including the conviction that marriage is a covenant relationship before God between one man and one woman (for example, I don't edit same-sex weddings or ceremonies celebrating open marriage).'" |

| | | |
|---|---|---|
| | | **PageID.4596**: Admitting Chelsey Nelson Photography LLC is a place of public accommodation. |
| 01/25/2021 | Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories,<br><br>Doc. 92–7 | **PageID.3288**: "Chelsey Nelson Photography LLC must offer the services set forth on Exhibit 1 [and Exhibit 2] on the exact same terms and conditions for both same-sex weddings and opposite-sex weddings. The basis for this response is that the refusal to offer the same terms and conditions to both same-sex and opposite-sex couples would violate the Public Accommodations Provision of the Metro Ordinance."<br><br>**PageID.3295**: Answering "Yes" to question about whether Defendants have a "compelling interest" in apply the law to Plaintiffs.<br><br>**PageID.3295**: "Governments have a compelling state interest in *rooting out all forms of discrimination* that create social strife, cause humiliation, and produce economic inefficiency." (emphasis added) |
| 3/05/2021 | Defendants' Motion for Protective Order,<br><br>Doc. 64 | **PageID.1609**: "Defendants have admitted that this hypothetical conduct and certain language in Plaintiffs' marketing statement violates the Fairness Ordinance. See Answer, ¶ 17. Because Plaintiffs carefully crafted Ms. Nelson's statement of intention to refuse services and her marketing statement to create clear violations of the Fairness Ordinance, there are no nuanced questions of interpretation at issue in this litigation."<br><br>**PageID.1612**: "There is no dispute that Plaintiffs' wedding photography business is a public accommodation that is subject to the Fairness Ordinance. See Defendants' Response to Plaintiffs' Request for Admission No. 1.. Plaintiffs' marketing statement was drafted (with the assistance of litigation counsel) specifically to be in violation of the Fairness Ordinance to provide the purported basis for Plaintiffs to allege standing to challenge the constitutionality of the Ordinance. Defendants have admitted that certain portions of that statement violate the Fairness Ordinance (Answer, ¶ 17) and therefore there are |

| | | |
|---|---|---|
| | | no complicated or nuanced questions of interpretation at issue in this litigation." |
| 03/26/2021 | Defendants' Responses to Plaintiffs' Second and Third Set of Discovery Requests,<br><br>Doc. 92–7 | **PageID.3326–3327**: Answering "yes" to question about whether Louisville has "'a compelling interest in rooting out all forms of discrimination that create social strife, cause humiliation, and produce economic inefficiency' in public accommodations as to each protected characteristic identified in Metro Ordinance § 92.01?" |
| 08/30/2021 | [Excluded] Expert Report of Netta Barak-Corren,<br><br>Doc. 90–2 | **PageID.2263:** "I have formed the opinion that granting Chelsey Nelson a religious exemption from the application of Louisville's Fairness Ordinance in this case could *significantly* increase the likelihood that same-sex couples attempting to hire wedding vendors in Louisville, Kentucky will experience discrimination resulting in the denial of equal access to goods and services." (emphasis added) |
| 05/25/2021 | Defendants' 30(b)(6) Representative Deposition Transcript,<br><br>Doc. 92–7 | **PageID.3667**: "[Q.]: All right. And that's because the content of the photographs, one depicts same-sex weddings and the other depicts opposite-sex weddings? [A.]: If she's refusing to edit the same-sex weddings, then yes, that's discriminatory behavior. If she's doing that based upon discriminatory auspices against same-sex couples, then that runs afoul of the ordinance. [Q.]: Even if it's based on the content of the photograph she's asked to edit? [A.]: The content of the photos is that it shows same-sex couples, which she does not want to edit because of whatever beliefs that she holds, which is discrimination -- it's discriminatory behavior. So yes."<br><br>**PageID.3668**: "[Q.]: So Ms. Nelson's policy that states that she only photographs weddings for opposite-sex weddings, that policy violates the ordinance. Is that correct? [A.]: If that's her policy and it – and we're able to demonstrate that based on facts and evidence, then yes, that is discrimination." |

4

| | | |
|---|---|---|
| | | **PageID.3677**: "[Q.]: Okay. So regardless of which protected category? [A.]: It doesn't matter. Discrimination is discrimination. It causes social strife, humiliation, and produces economic inefficiency. Regardless of how minute it is, it still produces those things. [Q.]: And a single incident of discrimination produces those things. Is that correct? [A.]: Yes, it does."<br><br>**PageID.3678**: "[Q.]: And Metro can't afford to make one exception to an incidence of discrimination. Correct? [A.]: There's no -- there's no public policy reason or justification as to why we would permit discrimination against anyone in our community." |
| 05/26/2021 | Deposition of Kendall Boyd,<br><br>Doc. 92–7 | **PageID.3727**: "[Q.]: [E]ven a *single* instance of discrimination is – needs to be corrected? [A.]: *Absolutely*." (emphasis added) |
| 09/22/2021 | Defendants' Combined Response to Plaintiffs' Motion for Summary Judgment and Memorandum in Support of Defendants' Cross-Motion for Summary Judgment,<br><br>Doc. 97 | **PageID.3820**: Plaintiffs' "statement include[s] a direct statement that she would refuse to provide services relating to a same-sex wedding, a clear violation of the Publication Provision."<br><br>**PageID.3826**: "But there is no dispute that Chelsey's statement on her website ('I don't photograph same-sex weddings') violates the Ordinance. *See* Metro Ordinance § 92.05(B) (prohibiting notices which indicate that the services of a public accommodation 'will be refused, withheld, or denied an individual on account of' his/her sexual orientation)."<br><br>**PageID.3833–34**: "[T]hat portion of Chelsey's marketing statement which states 'I don't photograph same-sex weddings' violates the Publication Provision." |

5

| | | |
|---|---|---|
| | | **PageID.3840**: "Uniform enforcement of the Accommodations Provision is the least restrictive means for furthering Metro's interest in ensuring equal access to goods and services, *because every single instance of discrimination renders access unequal, inflicts humiliation, and creates stigma*." (emphasis added) <br><br> **PageID.3842**: "But another reason to deny Chelsey a religious exemption from Metro's antidiscrimination law is that such an exemption could lead to an increase in real-world discrimination that would harm same-sex couples in Louisville Metro." |
| 11/10/2021 | Defendants' Reply in Support of Defendants' Cross-Motion for Summary Judgment, <br><br> Doc. 111 | **PageID.4784**: "[T]here is no dispute that Chelsey's statement on her website ('I don't photograph same-sex weddings') violates the Ordinance (§ 92.05(B)), …." <br><br> **PageID.4796**: "Chelsey's business is wedding photography. The 'message' she objects to is the homosexual identity of the couple seeking wedding services. That is identity-based discrimination because Chelsey's objection to providing the service depends on who is requesting the service." <br><br> **PageID.4799–800**: "[G]ranting Chelsey a religious exemption from Louisville Metro's antidiscrimination law could lead to an increase in real-world discrimination that would harm same-sex couples in Louisville Metro." <br><br> **PageID.4800**: "Uniform enforcement of the Accommodations Provision is the least restrictive means for furthering Louisville Metro's interest in ensuring equal access to goods and services." |
| 03/15/2022 | Defendants' Response to Plaintiffs' Motion to Supplement Summary | **PageID.5127**: "Her objection to photographing same-sex weddings is not because she does not offer wedding photography services to other |

6

| | | |
|---|---|---|
| | Judgment Record or to Take Judicial Notice, Doc. 120 | customers, but because she wants to discriminate against customers based on their sexual orientation." |
| 01/27/2023 | First Brief of Appellants / Cross-Appellees Louisville-Jefferson County, KY Metro Government (6th Cir.), Doc. 28 Filed in App. to Pls.' Suppl. Summ. J. Mot. 288–298 | **Supp. App. Page.293**: "Uniform enforcement of the Accommodations Provision is the least restrictive means for furthering Metro's interest in ensuring equal access to goods and services, because *every single instance of discrimination* in public accommodations renders access unequal, inflicts humiliation, and creates stigma." (emphasis added). **Supp. App. Page.295**: "But another reason to deny Nelson an exemption from Metro's antidiscrimination law is that such an exemption could lead to an increase in real-world discrimination that would harm same-sex couples in Louisville Metro." **Supp. App. Page.297**: "[T]hat portion of Nelson's marketing statement which states 'I don't photograph same-sex weddings' violates the Publication Provision." |
| 04/14/2023 | Chelsey Nelson Photography, LLC's and Chelsey Nelson's Reply (Fourth) Brief (6th Cir.), Doc. 49 Filed in App. to Pls.' Suppl. Summ. J. Mot. 299–301 | **Supp. App. Page.301**: "Nelson moved outside Kentucky …." |
| 07/13/2023 | 1A Remaking America: The First Amendment and LGBTQ Rights, Remarks by Mayor Greenberg | **Supp. App. Page.305**: "I am proud to continue defending the Fairness Ordinance" |

| | | |
|---|---|---|
| | Filed in App. to Pls.' Suppl. Summ. J. Mot. 302–314 | **Supp. App. Page.306**: "[T]he arguments against them and against treating all citizens with respect are not new. These are tired and old arguments from a past that most of us are very happy to leave behind." |
| | | **Supp. App. Page.306**: "I think it's important that cities like Louisville continue to defend our Fairness Ordinance and other statute, to be an inclusive city where everyone is welcome and everyone has -- is protected." |
| | | **Supp. App. Page.307**: "[W]e are going to continue to pursue that case because we want clarity. We want clarity on what, in Louisville, we are prohibited from doing under the Supreme Court's ruling, and where we can still continue to enforce the Fairness Ordinance." |
| | | **Supp. App. Page.307**: "[W]e're going to continue to defend our Fairness Ordinance." |
| | | **Supp. App. Page.308–309**: "[Q.]: As you said, you will fight this in court. Why? [A.]: Because I think it's the right thing to do … [W]e want to be very clear to our citizens and the country that we are going to continue to defend this, and we will continue to fight." |
| | | **Supp. App. Page.311**: "And that's also part of the reason why we continue to defend our law and continue to see this case that is pending in the Sixth Circuit right -- the Sixth Circuit right now through completion, because we want to make sure what we're doing is lawful." |
| 07/01/2024 | Remote Status Conference, Doc. 151 | **PageID.5446:** "[Q.]:  if … Ms. Nelson and her business kept up their website and its sort of solicitations and blogs made clear that she would not photograph same-sex weddings, is the City saying that it wouldn't do anything about that? [A.]: The City hasn't disavowed enforcement, …." |

8

| | | |
|---|---|---|
| | | **PageID.5449:** "[Q]. And, Ms. Hinkle, just so I'm clear, the City does believe that the sort of statement that she has and perhaps will make on the website, that does violate the text of the ordinance; right? [A.]: Yes. It was drafted precisely to do that, to enable Ms. Nelson to file this case. [Q.]: Okay. Well, I don't know why anyone said what they did. But the words on the page violate the words in the ordinance is another way to put it; right? [A.]: Yes, Your Honor, they do." |
| 10/21/2024 | Defendants' Second 30(b)(6) Representative Deposition Transcript, Doc. 159–4 | **PageID.5550:** "[Q.]: "A single incident of discrimination can cause social strife, humiliation, and produces economic inefficiency. Do you agree with that? [A.]: I would. [Q.]: So you agree that it's Metro -- the Metro Government's desire to eliminate all forms of discrimination? [A.]: I think that that is part of our policy goal, yes." <br><br>**PageID.5568**: "[Q.]: … her current policy of declining to photograph same-sex weddings or engagements violates 92.05(A). Is that right? [A.]: I believe that that was the position we've taken, yes." <br><br>**PageID.5568**: "[Q.]: And are you aware that the Commission has taken the position that that 4 phrase violates 92.05(B), or the Publication Provision? [A.]: I am aware of that. [Q.]: And you are -- you agree that that currently violates the law. Is that correct? [A.]: That statement itself? [Q.]: Yes. [A.]: Yes." <br>**PageID.5568–69**: "[Q.]: And are you aware that the Commission has taken the position that that violates the 92.05(B)? [A.]: I am aware of that. [Q.]: I'm sorry? [A.]: I am aware of that. [Q.]: And do you -- does that statement currently violate 92.05(B) as well? [A.]: That statement, excluding any other jurisdictional issues, would violate somebody who is discriminating against someone in Jefferson County." <br><br>**PageID.5569**: "[Q.]: Okay. And so if Ms. Nelson currently has both of these statements in 12 Exhibit 7 and 8 posted on her website, she's in current violation of 92.05(B). Would you agree with that? [A.]: Of the |

9

| | | |
|---|---|---|
| | | publication? [Q.]: Yes. [A.]: Excluding all the other limitations, then yes." |
| 10/28/2024 | End of Discovery according to [Proposed] Agreed Scheduling Order, Doc. 149 | **PageID.5433**: "The parties shall have until October 28, 2024, to conduct discovery …." |
| 10/28/2024 | Defendants' Amended Responses to Plaintiffs' First Set of Renewed Interrogatories; Defendants' Amended Responses to Plaintiffs' First Set of Renewed Requests for Admission; Defendants' Responses to Plaintiffs' Second Set of Renewed Interrogatories; Defendants' Responses to Plaintiffs' Second Set of Renewed Requests for Admission, Doc. 161–9 | **PageID.5683–5686, 5692–5697, 5702–5704, 5719**: "Subject to these objections, Defendants state that, based on the information regarding Chelsey Nelson Photography, LLC presently available to Defendants, they would not investigate a complaint or otherwise take enforcement action against Chelsey Nelson Photography, LLC for alleged violations of Metro Ord. § 92.05(A) [or § 92.05(B)]." |