**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:19-CV-00851-BJB-CHL**

**CHELSEY NELSON PHOTOGRAPHY LLC, et al.,**                **Plaintiffs,**

**v.**

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, et al.,    Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Provisionally Seal filed by Defendants Louisville/Jefferson County Metro Government, Louisville Metro Human Relations Commission-Enforcement, Louisville Metro Human Relations Commission-Advocacy, Kendall Boyd, Marie Dever, Kevin Delahanty, Charles Lanier, Sr, Laila Ramey, William Sutter, Ibrahim Syed, Leonard Thomas (collectively "Defendants") (DN 162) and the Motion to Partially Seal Defendants' Exhibits 1-4 and 6 filed by Plaintiffs Chelsey Nelson Photography LLC, Chelsey Nelson (collectively "Plaintiffs"). (DN 167.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion (DN 167). DNs 163-1, 163-2, 163-3, 163-4, and 163-6 shall **REMAIN UNDER SEAL**. The Clerk shall permanently unseal DN 163-5. The Court **DENIES AS MOOT** Defendant's Motion for Leave to Seal Document. (DN 162.)

**I.    Background**

This matter arises from Plaintiffs' request for injunctive relief to stop Defendants from enforcing Section 92.05(A) of the Louisville-Jefferson County Metro Amended Ordinance Number 193-2004 (the "Public Accommodations Law") against them. (DN 1, at PageID # 50, ¶ 1.) On August 30, 2022, the Court granted Plaintiffs' motion for summary judgment but denied their request for damages. (DN 130.) Defendants appealed the Court's judgment to the Sixth

Circuit Court of Appeals. (DN 134.) Plaintiffs cross-appealed the Court's order to dismiss Plaintiffs' claim for damages as well as its order declining to facially enjoin or to declare facially unconstitutional the Unwelcome Clause and the Court's order denying Plaintiffs' motion to supplement the record as moot. (DN 137.)

In the time between the Court's order and argument before the Sixth Circuit Court of Appeals, three notable developments occurred. (DN 143.) In March 2021, the Supreme Court decided *Uzuegbunam v. Preczewski*, 592 U.S. 279, 141 S. Ct. 792, 209 L. Ed. 2d 94 (2021), holding that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Id.* at 802. In April 2023, Nelson disclosed that she had "moved outside Kentucky." And in June 2023, the Supreme Court decided *303 Creative LLC v. Elenis*, 600 U.S. 570, 143 S. Ct. 2298, 216 L. Ed. 2d 1131 (2023), holding that a Colorado public accommodation law violated the Free Speech Clause of the First Amendment as applied to a business that provided custom wedding websites. Considering these developments, the Sixth Circuit Court of Appeals remanded the case for further proceedings. (DN 143, at PageID # 5427.)

On November 11, 2024, Plaintiffs filed a motion for summary judgment requesting the Court to grant them nominal damages. (DN 159.) Defendants filed a Combined Motion to Dissolve the Permanent Injunction and Dismiss Nelson's Claims as Moot and Response to Plaintiffs' Supplemental Motion for Summary Judgment. (DN 161.) Attached as exhibits to this motion are the exhibits Plaintiffs now request the Court to keep under seal permanently. These exhibits are:

- Exhibit 1 - Transcript of Oct. 16, 2024 Deposition of C. Nelson;

- Exhibit 2 - Nelson's Fourth Supplemental Responses to Interrogatory No. 6 and Nelson's Responses to Interrogatories 1-2 Following Remand;
- Exhibit 3 - Excerpts from 2023 Tax Return;
- Exhibit 4 - Digital Marketing Agreement;
- Exhibit 6 - Payment Confirmation and Emails between Nelson and Digital Marketing Specialist.[2]

Plaintiffs have filed redacted portions of these exhibits publicly with the Court. (DN 167-2.) Plaintiffs are requesting the Court to permit them to replace the sealed, unredacted exhibits with their redacted copies.

## II. Analysis

### A. Standard of Review

In *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978), the Supreme Court held that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598. Accordingly, the Sixth Circuit Court of Appeals reviews a district court's order to seal its records for abuse of discretion. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). But the Sixth Circuit does not accord the district court the traditional scope of narrow review reserved for discretionary decisions based on first-hand observations due to the important right of public access to court records. *In re Knoxville News-Sentinel Co., Inc.*,

---

[1] Although Exhibit 5 has been filed provisionally under seal (DN 163-5), Plaintiffs are not requesting the Court to maintain it permanently under seal. Therefore, the Court will order Exhibit 5 to be unsealed.

[2] The version of Exhibit 6 filed under seal (DN 163-6) contains some redactions. The Court advises the Parties that if they intend to file unredacted versions of exhibits with the Court for purposes of a motion to seal, they should file a version that is completely unredacted.

3

723 F.2d 470, 476 (6th Cir. 1983).  Therefore, only the most compelling reasons can justify non-disclosure of judicial records.  *Id.*

      **B.**      **Motion to Seal (DN 162)**

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public.  *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983).  The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records."  *Shane*, 825 F.3d at 305 (quoting *In re Knoxville*, 723 F.2d at 476).  To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored.  *Id.*; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016).  "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted).  The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002)).  Further, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.'"  *Rudd*, 834 F.3d at 594 (quoting *Brown*, 710 F.2d at 1176).

      **1.**      **Privacy Interests**

When it comes to sealing, a "confidentiality agreement ... does not bind the court in any way."  *Brown*, 710 F.2d at 1180; *See Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*,

4

253 F. Supp. 3d 997, 1006 (S.D. Ohio 2015) (finding that a confidentiality provision in a redemption agreement between a defendant and a third party "may have been sufficient to justify the protective order, [but] it is insufficient to justify filing documents on the court's docket under seal"). On the other hand, specific legal authority mandating confidentiality is indicative of a potentially compelling reason for sealing.

### a) Third-party Privacy Interests.

As the Court has previously held in this case, third-party privacy interests may constitute a compelling reason to seal. *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 319CV00851BJBCHL, 2022 WL 1814260, at *4 (W.D. Ky. June 2, 2022). In *Chelsey*, 2022 WL 1814260, the Court held documents containing descriptions of personally humiliating and sensitive incidents involving minor children constituted a privacy interest significant enough to justify sealing. *Id.* at *4. The Court also found that the documents contained personal identifying information such as addresses, phone numbers, and the names of third parties; information that courts "routinely seal." *Id.* Moreover, the Court found that the supplemental documents revealed highly personal information about several individuals such as sexual orientation, gender identity, and even disability status. *Id.* The Court found that publicizing such information would likely expose individuals to reputational harm and expose local businesses to financial harm. *Id.* The Court thus held that the risk of harm to innocent third parties constituted a compelling reason for sealing the documents. *Id.*

Here, the Court finds that the privacy interests of third parties constitute a compelling reason to seal the unredacted documents. Exhibits 1, 2, 4, and 6 contain full names, e-mail addresses, physical addresses, and telephone numbers of third parties. If the Court were to publicize those names, addresses, and numbers, the Court would risk both reputational damage to

5

those individuals and financial harm to local businesses. *See Chelsey*, 2022 WL 1814260, at *4. Additionally, Plaintiff has already received harassing messages from members of the public. (DN 167-3.) The Court is concerned that if it were to publicize contact information and personal identifiers of innocent third parties, it would risk exposing such third parties to similar harassment. Nor is this information anonymized or attenuated, as it squarely identifies the individuals and businesses at issue. *Cf. Chelsey*, 2022 WL 1814260, at *5 ("Defendants have not explained how a member of the public could trace the identity of the complainant from this attenuated information nor have they provided any basis from which the Court may conclude that disclosure of the information will result in serious injury."). The Court further notes that Exhibit 1 identifies the workplace of Plaintiff's husband. (DN 167-2, at PageID # 5903-04.) If the Court were to publicize his workplace, it would not only risk exposing him to harassment by members of the public, but it would risk exposing his workplace to such harassment as well.

### b) Plaintiff's Privacy Interests

Courts are not solely concerned with the privacy interests of innocent third parties, but of the privacy interests of the parties before them, as well. *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021). In *Ewalt*, the court found the exhibits defendant requested the court to seal included contact information, credit card details, and personal identifying information pertaining to the plaintiffs as well as third parties. *Id.* Accordingly, the court found that the personal information constituted a compelling interest in sealing the exhibits. *Id.*

Moreover, courts have recognized the strong interest in keeping personal financial records secret. *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018). In *Goodman*, the plaintiffs requested the court to seal monthly account statements, total dollar

6

amounts invested in unrelated investments, and bank account numbers. *Id.* The court held that there was a strong privacy interest in personal financial records, and thus granted the plaintiffs' request to seal the records at issue. *Id.* at 784-85.

Here, the exhibits Plaintiffs are requesting the Court to seal contain Nelson's personal identifying information and her contact information. Exhibits 1 and 2 identify her personal address. (DN 167-2, at PageID # 5904, 6020.) As discussed above, Nelson has received harassing messages from members of the public. But those messages reached her through her *public* e-mail (DN 167-3) or through social media. (DN 92-2 at ¶¶ 460-68.) If the Court were to publicize her *private* e-mail, phone number, and home address, it would risk exposing her to harassment that she has a justifiable privacy interest in preventing.

Additionally, the redacted information contains personal financial information Nelson has a justifiable interest in concealing. Her 2023 Tax Return contains information concerning the square footage of her home, her home address, her mortgage rate, utility payments, and home insurance. (DN 167-2, at PageID # 6019-22.) Accordingly, the Court finds Plaintiffs have met their burden in demonstrating that they have compelling privacy interests in sealing the exhibits.

### 2. Public Interest

It is not enough that the proponent of sealing demonstrates a compelling privacy interest; such interest must outweigh the public's right to ascertain the evidence that the Court relied upon in reaching its decisions. *Brown*, 710 F.2d at 1181. Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *Shane*, 825 F.3d at 305. Thus, the Court should weigh Plaintiffs' and the third parties' privacy interests against the public interest in this matter.

The Court recognizes that the public interest in this matter is significant. This matter concerns the constitutionality of an equal access law. This is an issue that undeniably affects third parties and the public. *See Brown*, 710 F.2d at 1179 ("Civil cases frequently involve issues crucial to the public—for example, discrimination, voting rights, antitrust issues, government regulation, bankruptcy, etc."). Moreover, the unredacted exhibits are attached to Defendants' Motion to Set Aside and Dissolve Injunction and Dismiss Claims as Moot as well as its Response to Plaintiffs' Supplemental Motion for Summary Judgment. (DN 161.) The nature of this motion means that a decision on it will likely affect the rights that the public has a significant interest in. Thus, to determine the public's interest in viewing these exhibits, the Court must determine their relevance to the motion they are attached to. *Brown*, 710 F.2d at 1181.

Under the Supreme Court's holding in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013), an actual controversy must exist at all stages of review, not just when the complaint is filed. *Id.* at 71. If an intervening circumstance deprives the plaintiff of a personal stake in the matter, then the action can no longer proceed and must be dismissed as moot. *Id.* at 72. To establish standing to bring a pre-enforcement challenge to a lawsuit, the plaintiff must show a "credible threat of prosecution." *McKay v. Federspiel*, 823 F.3d 862, 868 (6th Cir. 2016). A credible threat of prosecution exists when the plaintiff alleges a subjective chill and points to some combination of the following factors: (1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely. *Id.* at 869. A plaintiff may lose standing to bring a pre-enforcement challenge to a statute if he or she can no longer demonstrate that the statute applies to him or her. *See Plunderbund Media, L.L.C. v. DeWine*, 753 F. App'x 362, 372 (6th Cir. 2018).

Here, Defendants argue that Plaintiffs no longer have standing to bring a pre-enforcement challenge to the Public Accommodations Law because Nelson moved to Florida, and thus no longer has a credible fear of prosecution because the statute no longer applies to her. (DN 161, at PageID # 5610.) In support of this claim, Defendants point to Nelson's October 16, 2024, Deposition (DN 167-2, at PageID # 5897-5993) and excerpts from the 2023 Tax Return. (*Id.*, at PageID # 6019-22.)

Defendants also point to various exhibits to rebut arguments made by Plaintiffs that they do have standing. Defendants point to Plaintiffs' Digital Marketing Agreement to argue that Plaintiffs do not intend to continue working in Louisville and thus would not be subject to the Public Accommodations Law. (DN 167-2, at PageID # 6024-27.) Defendants also point to the Payment Confirmation and Email Correspondence to show that the Digital Marketing Agreement is no longer in effect. (*Id.* at 6034-38.)

Here, the Court finds that, although the locations of Nelson's past clients and working relationships are relevant to the issue as to whether Plaintiffs have standing to pursue this matter, the Court does not see how the full names and contact information for such contacts are relevant. The Court thus finds that the privacy interest in concealing such information outweighs any public interest in publicizing it. Moreover, the Court finds that the fact Nelson moved to Florida is also relevant to Defendants' arguments, but the Court does not see how the exact address, square footage, expenses, or any of Nelson's financial information are relevant to those arguments. The Court therefore finds that the public interest in publicizing this information is outweighed by the privacy interest in sealing it. Finally, the Court does not see how Nelson or her husband's contact information and present workplace are relevant to this matter at all. Thus, the Court finds this information should be sealed.

9

### 3. Narrow Tailoring

It is not enough that the privacy interest in secrecy outweighs the public interest in openness; the Court must narrowly tailor any redactions to serve the compelling interest in secrecy. *Shane*, 825 F.3d at 305. The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (citing *Baxter*, 297 F.3d at 548.) And the Court must set forth specific findings and conclusions that justify nondisclosure. *Id.* at 306.

Here, the Court finds that the proposed redactions are narrowly tailored. Plaintiffs redact Nelson's address, her husband's new workplace, a payment confirmation and email correspondence, and the contact information for her clients and business contacts. None of this information is relevant to Defendants' motion to dissolve. But Plaintiffs *only* redact this information, while leaving relevant information unredacted. Plaintiffs also redact Nelson's personal financial information in her tax returns that the Court finds justifiably secret and irrelevant to Defendants' motion. The Court thus finds that Plaintiffs' redactions are narrowly tailored. *Cf. Chelsey*, 2022 WL 1814260, at *5 ("Defendants have not met their burden of showing that sealing the confidential case files in their entirety is justified.").

## III. Order

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' Motion for Leave to Seal Documents (DN 162) is **DENIED AS MOOT**.

(2) Plaintiffs' Motion (DN 167) is **GRANTED**. DNs 163-1, 163-2, 163-3, 163-4, and 163-6 shall **REMAIN UNDER SEAL**.

(3) The Clerk shall permanently unseal DN 163-5.

April 17, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record